UNTITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

WASHINGTON D.C.

---

Case: 1:19-cv-00104
Assigned To : Unassigned
Assign. Date : 1/7/2019
Description: FOIA /Privacy Act  (I-DECK)

Norris Williams

      Plaintiff,

    v.

Department of Justice,

      Respondent.

Request# 18-00176-P

Appeal No. DOJ-AP-2018-005907

---

MOTION PURSUANT TO 5 U.S.C. §552 (a)(4)(B)

---

Comes now the Plaintiff, Norris Williams "Petitioner", who is Pro
Se and humbly requests that this Court construe this motion liber-
ally pursuant to Haines v Kerner, 404 U.S. 519 (1972).

(1)



RECEIVED
Mail Room

JAN - 7 2019

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

1

Petitioner brings this claim to this Court requesting that this
Court order the D.O.J. to turn over documentation pursuant to the
Freedom of Information Act request.

## PROCEDURAL HISTORY

Plantiff filed his initial FOIA request with the D.E.A. office in
Virginia and in New York.  The D.O.J. responded with a default not-
ification (See Ex H.) that stated that there was information avai-
able, however that information was being withheld and it would not
be available for disclosure.  Plaintiff filed a motion to the Dist-
tict Court in the Middle District of Florida, pertaining to the in-
formation that would be available.  The motion was filed pusuant to
Federal Rules of Criminal Procedure (F.R.C.P.) 33.  Motion for new
trial, based on the fact that there is exculpatory evidence in which
"if" handed over to the Plaintiff the evidence "likely" would have
entitled the Plaintiff to a new trial based on the fact Plaintiff
would have been eligible for a new trial "if" the evidence was
handed over.

The District Court denied the motion (See Ex H.) because the "EVID-
ENCE" that was withheld was not given within a reasonable timeframe.
F.R.C.P. 33 states:  A motion for new trial can be filed at anytime
within three (3) years from conviction by a Defendant.  Plaintiff
filed for the new trial based on the fact that the D.O.J. stated in
its response there is evidence available, however just "not" avail-
able to the Plaintiff.  Plaintiff brought this claim to this Court

(2)

to order the D.O.J. to handover the documents pertaining to the
FOIA request number 18-00176-P. Plaintiff request that this Court
grant summary judgment in his favor, because the evidence which is
being withheld is beneficial to Plaintiff. For instance when
Plaintiff went to trial the government withheld the tape, gave
Plaintiff edited tapes, only a partial discovery of the inital crime,
nothing from the phone calls made nor was there any information pro-
vided about the information in the case, the actual percentage of
Heroin used, also the officers and of agents involvement with prior
operations of other indaviduals who were released and used as "CIs"
to investigate the Plaintiff. Plaintiff requests that this Court
take into consideration that the documents are very significant to
his case, because it's and open case pending before the courts.


## LEGAL STANDING AND REQUEST FOR SUMMARY JUDGEMENT


Plaintiff brings this claim to this Honorable Court for the follow-
ing. Plaintiff initialy started the FOIA request on or about the
begining of April 2017, the process has been denied with default
letters from the FOIA Office, stating that there is information,
however the information is unavailable to the Petitioner. 5 U.S.C.
§552(A) states: (A) Each agency shall make available to the public
information as follows; (D) Copies of all records, regardless of
form or format. The records and or files Plaintiff requested are
exculpatory evidence in which the D.E.A. withheld from the Plaintiff
at trial. Plaintiff through due diligence sought to have those re-
cords submitted to him. Plaintiff asserts pertaining to F.R.Civill.

(3)

P. 34, (A)(1)(A) this court has jurisdiction to order summary
judgement in favor of the moving party.

## FOIA

The Freedom of Information Act seeks to ensure an 'informed citi-
zenry'. Quoting the ACLU of North California; Asian Law Caucus: San
Francisco Bay Guardian v. FBI, 881 F.2d 776 (Quoting "Tuffy v. U.S.
Dep't of Homeland Sec., 870 F.3d 1086, 1092 (9th Cir. 2017) "The
Act requires that federal agencies make records within their posse-
ssion promptly available to citizens upon request. Id. (Quoting
NLRB v. Robbins Tire and Rubber Co., 437 U.S. 214, 242, 98 S.Ct.
2311, 57 L.ED. 2d. 159)." Here the Plaintiff sought the records
from the D.E.A., which in turn did not produce any results, only
told Plaintiff that documents and or other evidence was available,
but not available to him.  FOIA requests are "vital to the funct-
ioning of a democratic society, needed to check against corruption
and to hold the governors accountable to the governed." Quoting
John Doe Agency v. John Doe Corp., 493 U.S. 146, 152, 110 S.Ct. 471,
107 L.Ed. 2d, the "compiled for law enforcement purposes" that were
used is dangerous and it puts Plaintiffs liberty at risk, because
of withholding that information puts the fundamental fairness in-
which Plaintiff is entitled and breaks the confidence in which that
information is sought can be subverted under a vague excuse for re-
lief.  Summary judgment rests in favor of the Plaintiff, not only
has the Defendant denied Plaintiff declaritory relief, the Defend-
ant conceded that they have to file a suite in order to obtain the

(4)

documentation and or evidence that the Plaintiff has requested.   He
requests this Court to order Defendant to produce all FOIA requested
material pertaining to the Plaintiff so that Plaintiff can properly
litigate his pending action in court effectively.

## CERTIFICATE OF SERVICE

I Norris Williams certify that a true and correct copy of this doc-
ument has been sent to the A.U.S.A. in the District of Columbia on
this day $\underline{4}$ of December, 2018 That first class postage was paid
and it was sent via the prison mailing system.

Addresses:
950 Pennsylvania Avenue, NW                   555 Fourth Street, NW
Washington, D.C. 20530                        Washington, D.C. 20530


Clerk of Court                    Respectfully submitted,
333 Oonstitution Avenue, NW       *Norris Williams* (signature)
Washington, D.C. 20001
Room 1225                         Norris Williams Reg#33221-018

                                  P.O. Box 1032

                                  Coleman, FL 33521-1032


(5)

# Exhibit: A



**U.S. Department of Justice**
Drug Enforcement Administration
FOI/Records Management Section
8701 Morrissette Drive
Springfield, Virginia 22152

MAY 0 4 2018

Case Number: 18-00176-P

Subject: Williams, Norris

Norris Williams
Reg. No. 33221-018
FCI Coleman Medium
P.O. Box 1032
Coleman, Florida 33521-1032

Dear Mr. Williams:

This letter responds to your Freedom of Information/Privacy Act (FOI/PA) request dated January 15, 2018, addressed to the Drug Enforcement Administration (DEA), Freedom of Information/Privacy Act Unit (SARF), seeking access to information regarding the above subject.

After reviewing your request, we conducted a search for responsive records pertaining to the above subject. To search for responsive records, we queried the DEA Investigative Reporting and Filing System (IRFS). IRFS is the system of records that contains all administrative, general and investigative files compiled by DEA for law enforcement purposes. As a result of our query, we were able to identify records pertaining to the subject of your request.

A determination has been made to withhold all documents pursuant to subsections of the Privacy Act and/or Freedom of Information Act referenced at the end of this letter. The exemption number(s) indicated by a mark appearing in the block to the left of the subsection cited constitutes the authority for withholding the deleted material. An enclosure to this letter explains these exemptions in more detail.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. *See* 5 U.S.C. § 552(c). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may contact our FOIA Public Liaison at 202-307-7596 for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Case Number: 18-00176-P                                    Page 2

   If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

   If you have any questions regarding this letter, you may contact Government Information Specialist R. Green at (202) 307-4855.

                              Sincerely,

                              Katherine L. Myrick, Chief
                              Freedom of Information/Privacy Act Unit
                              FOI/Records Management Section

Enclosures

Case Number: 18-00176-P                                         Page 3

## APPLICABLE SECTIONS OF THE FREEDOM OF INFORMATION AND/OR PRIVACY ACT:

| Freedom of Information Act 5 U.S.C. 552 | | | Privacy Act 5 U.S.C. 552a | |
|---|---|---|---|---|
| [ ] (b)(1) | [ ] (b)(5) | [X] (b)(7)(C) | [ ] (d)(5) | [ ] (k)(2) |
| [ ] (b)(2) | [ ] (b)(6) | [ ] (b)(7)(D) | [X] (j)(2) | [ ] (k)(5) |
| [ ] (b)(3) | [X] (b)(7)(A) | [X] (b)(7)(E) | [ ] (k)(1) | [ ] (k)(6) |
| [ ] (b)(4) | [ ] (b)(7)(B) | [X] (b)(7)(F) | | |

## EXPLANATION OF EXEMPTIONS
### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b)(2) related solely to the internal personnel rules and practices of an agency;

(b)(3) specifically exempted from disclosure by statute (other than section 552b of this title), if that statute-(A)(i) requires that the matters be withheld from the public in such a manner as to leave    no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and (B) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites to this paragraph.

(b)(4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8) contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9) geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5) information compiled in reasonable anticipation of a civil action proceeding;

(j)(2) material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1) information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2) investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3) material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4) required by statute to be maintained and used solely as statistical records;

(k)(5) investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6) testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7) material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

# Exhibit: B

1425 New York Avenue N.W.
Suite 11050
Washington, DC 20005

Norris Williams
Register No. 33221-018
FCI Coleman
P.O. Box 1032
Coleman, FL 33521

June 5, 2018

Dear Mr. Williams,

This is to advise you that your administrative appeal from the action of the Drug Enforcement Administration regarding Request No. 18-00176-P was received by the Office of Information Policy (OIP) of the U.S. Department of Justice on 05/25/2018.

OIP has the responsibility of adjudicating such appeals. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number DOJ-AP-2018-005907. Please mention this number in any future correspondence to this Office regarding this matter. Please note that if you provide an e-mail address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at (202) 514-3642. If you have submitted your appeal through FOIAonline, you may also obtain an update on the status of your appeal by logging into your account.

Sincerely,

**PRISCILLA**

**JONES**

Digitally signed by PRISCILLA JONES
Date: 2018.06.05 15:41:36
-04'00'

Priscilla Jones

Supervisory Administrative Specialist

# Exhibit: C



**U.S. Department of Justice**

Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

Mr. Norris Williams
Register No. 33221-018
Federal Correctional Institution
Post Office Box 1032
Coleman, FL  33521

Re:     Appeal No. DOJ-AP-2018-005907
         Request No. 18-00176-P
         MWH:RNB

**VIA:  U.S. Mail**

Dear Mr. Williams:

        You appealed from the action of the Drug Enforcement Administration (DEA) on your
Freedom of Information Act request for records pertaining to yourself.  I note that your appeal
concerns the withholdings made by DEA.

        After carefully considering your appeal, I am affirming DEA's action on your request.  In
order to provide you with the greatest possible access to responsive records, your request was
reviewed under both the Privacy Act of 1974 and the FOIA.  I have determined that the records
responsive to your request are exempt from the access provision of the Privacy Act.  See 5
U.S.C. § 552a(j)(2); see also 28 C.F.R. § 16.98 (2017).  For this reason, I have reviewed your
appeal under the FOIA.

        The FOIA provides for disclosure of many agency records. At the same time, Congress
included in the FOIA nine exemptions from disclosure that provide protection for important
interests such as personal privacy, privileged communications, and certain law enforcement
activities.  DEA properly withheld this information in full because it is protected from disclosure
under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(A), and it is reasonably foreseeable that
disclosure of this information would harm the interests protected by this provision.[1]  This
provision concerns records or information compiled for law enforcement purposes the release of
which could reasonably be expected to interfere with enforcement proceedings.

        Please be advised that this Office's decision was made only after a full review of this
matter.  Your appeal was assigned to an attorney with this Office who thoroughly reviewed and
analyzed your appeal, your client's underlying request, and the action of DEA in response to your
client's request.

        If you are dissatisfied with my action on your appeal, the FOIA permits you to file a
lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

---

[1] Please note that because exemption 7A currently applies to all of the responsive records, we did not reach the
applicability of exemptions 7C, 7E, and 7F.

- 2 -

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  Using OGIS services does not affect your right to pursue litigation.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.  If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal.  Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

8/20/2018

X

Matthew Hurd, Associate Chief, for
Sean O'Neill, Chief, Administrative Appeals Staff
Signed by: MATTHEW HURD

# Exhibit: D

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO: 2:15-cr-149-FtM-38MRM

NORRIS WILLIAMS

_____/

### OPINION AND ORDER[1]

Before the Court is Defendant Norris Williams' Motion to Relieve Court Appointed Counsel on Appeal. (Doc. 123). Over two years ago, the Court appointed David Joffe under the Criminal Justice Act, 18 U.S.C. § 3006A, to represent Williams during his trial and appeal. (Doc. 23). A jury convicted Williams, and the Court of Appeals for the Eleventh Circuit affirmed his conviction and sentence. (Doc. 119). Joffe represented Williams both at the trial and on appeal. But Williams now moves to relieve Joffe as his counsel for "incapability between attorney and client in accordance to 11th Cir.R.46-10(c)" and other grounds that sound like allegations of ineffective assistance of counsel. (Doc. 123).

Williams relies on an Eleventh Circuit rule to support Joffe being relieved. That rule states, "Counsel appointed by the trial court shall not be relived on appeal except in the event of incompatibility between attorney and client or other serious circumstances." 11th Cir. R. 46-10(c). Williams' motion also includes the captions for this case and his

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

appeal. Because Williams relies on the Eleventh Circuit's rule and includes both trial's and appeal's case captions, it is unclear whether Williams is asking this Court or the Eleventh Circuit to remove Joffe as his counsel.

To the extent Williams is seeking relief in this Court, such relief is moot because the Court appointed Joffe only for the trial and direct appeal – both of which have ended. Indeed, the Eleventh Circuit issued its Mandate on its decision affirming Williams' trial and sentencing more than ninety days ago. (Doc. 121). If Williams wishes to move for collateral relief under 28 U.S.C. § 2255, he may do so on his own without the Court independently removing Joffe as his counsel.

Accordingly, it is now

**ORDERED:**

(1) Defendant Norris Williams' Motion to Relieve Court Appointed Counsel on Appeal (Doc. 123) is **DENIED without prejudice**.

(2) The Clerk is **DIRECTED** to forward a copy of Williams' Motion to Relieve Court Appointed Counsel on Appeal (Doc. 123) to the Court of Appeals for the Eleventh Circuit.

**DONE AND ORDERED** in Fort Myers, Florida on this 12th day of June 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record