# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NORRIS WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-0104 (RBW) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(b), Drug Enforcement Administration ("DEA" or "Defendant"), by and through undersigned counsel, respectfully submits this memorandum of points and authorities in support of their motion for summary judgment. As required, Defendant conducted a search reasonably calculated to produce responsive records to Plaintiff's subject Freedom of Information Act ("FOIA") and the Privacy Act ("PA"), 5 U.S.C. § 552a requests. Because no material facts are in dispute and Defendant has properly fulfilled its obligations under FOIA and the PA by conducting a reasonable search and determining that no segreable material may be released, Defendant is entitled to judgment as a matter of law and respectfully requests that the Court enter summary judgment in its favor.

## **STANDARD OF REVIEW**

### A. MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56

When no genuine dispute exists as to any material fact, summary judgment is required. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. *Id.* at 247. "The burden on the moving party may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence of evidence to support the non-moving party's case." *Sweats Fashions, Inc. v. Pannill Knitting Co., Inc.*, 833 F.2d 1560, 1563 (Fed. Cir. 1987). Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment here, the Plaintiff (as the non-moving party) must present some objective evidence that would enable the Court to find he is entitled to relief.

In *Celotex Corp. v. Catrett*, the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. 477 U.S. 317, 322-23 (1986). In *Anderson* the Supreme Court further explained that "the mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff." *Anderson*, 477 U.S. at 252; *see also Laningham v. Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor). In *Celotex*, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed „to secure the just, speedy and inexpensive determination of every

action." 477 U.S. at 327 (*quoting* Fed. R. Civ. P. 1).

### B. SUMMARY JUDGMENT IN FOIA CASES

"FOIA cases are typically and appropriately decided on motions for summary judgment." *Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2008). For purposes of summary judgment in a FOIA matter, an agency's decision to withhold information from a FOIA requester is subject to *de novo* review by the courts. *Steinberg v. United States Dep't of Justice,* 23 F.3d 548, 551 (D.C.Cir.1994); *Hayden v. National Security Agency Cent. Sec. Serv.*, 608 F.2d 1381, 1384 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980). In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and, if applicable, that each document that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure. *Students Against Genocide v. Dept. of State*, 257 F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. U.S. Dept. of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980).

An agency satisfies the summary judgment requirements in a FOIA case by providing the court and plaintiff with affidavits or declarations and other evidence which show that the documents in question were produced or are exempt from disclosure. *Hayden v. NSA*, 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980); *Church of Scientology v. U.S. Dep't of Army*, 611 F.2d 738, 742 (9th Cir. 1980); *Trans Union LLC v. FTC*, 141 F. Supp. 2d 62, 67 (D.D.C. 2001) (summary judgment in FOIA cases may be awarded solely on the basis of agency affidavits "when the affidavits describe „the documents and the justifications for non-disclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.") (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)). *See also Public Citizen Inc. v. Dep't of State*, 100 F. Supp. 2d 10, 16

(D.D.C. 2000), *aff'd in part, rev'd in part*, 276 F.3d 634 (D.C. Cir. 2002).

## ARGUMENT

Plaintiff requests that Defendant be compelled to provide requested records in this action. *See generally* Plaintiff's Complaint ("Pl.'s Compl.") These claims fail as a matter of law. Defendant conducted an adequate search for responsive records and reviewed the records for segregability.   Accordingly, Defendant is entitled to summary judgment.

### A. DEFENDANT CONDUCTED AN ADEQUATE SEARCH FOR RECORDS RESPONSIVE TO PLAINTIFF'S FOIA REQUESTS AND PROPERLY APPLIED FOIA AND PA EXEMPTIONS

In responding to a FOIA request, an agency must conduct a reasonable search for responsive records. *Valencia-Luncena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999); *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Cleary, Gottlieb, Steen & Hamilton v. Dep't of Health and Human Servs.*, 844 F. Supp. 770, 776 (D.D.C. 1993); *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1352 (D.C. Cir. 1983). This "reasonableness" standard focuses on the method of the search, not its results, so that a search is not unreasonable simply because it fails to produce a wealth of responsive information. *Cleary* at 777 n.4. An agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located.  *Oglesby*, 920 F.2d at 68.  Consistent with the reasonableness standard, the adequacy of the search is "dependent upon the circumstances of the case." *Davis v. Department of Justice*, 460 F.3d 92, 105 (D.C. Cir. 2006); *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990).  The fundamental question is not "whether there might exist any other documents responsive to the request, but rather whether the search for those documents was adequate." *Steinberg v. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) quoting *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

## 1. DEA CONDUCTED A REASONABLE SEARCH

Defendant DEA conducted a reasonable search for information pertaining to Plaintiff's FOIA request. In addition, Defendant properly asserted FOIA exemptions 7(A), 7(C), 7(D), 7(E), 7(F), and PA exemption j(2) to withhold protected information.

### a. DEA's Search for Records Pursuant to FOIA Request 18-00176-P

By correspondence dated January 15, 2018, Plaintiff, submitted a request letter to DEA seeking "a full copy" of DEA's file related to Plaintiff and/or the "Criminal Case 2:15-cr-00149-SPC-MRM-1." *See* Exhibit A.

On February 15, 2018, DEA acknowledged receipt of Plaintiff's request and assigned it case number 18-00176-P. DEA further explained that the records sought would require searches in another office or offices and that the request fell within "unusual circumstances" that would require extending the time limit to respond. *See* Exhibit B.

DEA's FOIA Unit searched IRFS by querying NADDIS using the Plaintiff's name. As a result of the query, DEA identified two files responsive to Plaintiff's request. (Miller Decl. ¶ 15).

Here, as the Declaration of Kelleigh A. Miller ("Miller Decl.") attests, upon receipt of Plaintiff's FOIA request, the FOIA Unit searched the DEA's Investigative Reporting and Filing System ("IRFS"), a Privacy Act System of Records, which contains all administrative, general, and investigative files compiled by the DEA for law enforcement purposes. No other records system maintained by the DEA other than IRFS is reasonably likely to contain the records responsive to Plaintiff's request, seeking records related to Plaintiff and/or the criminal case "2:15-cr-00149-SPC-MRM-1." (Miller Decl. ¶ 18).

Here, the FOIA Unit searched IRFS using Narcotics and Dangerous Drugs Information System ("NADDIS"), which is an electronic data index system and the practical means by which DEA identifies and locates records in IRFS across all of DEA's offices worldwide, including

records maintained at field offices, because intelligence and investigative records generated across all DEA offices are indexed into NADDIS. (Miller Decl. ¶ 8). Plaintiff's name, Social Security Number, or date of birth were used to search NADDIS. (Miller Decl. ¶¶ 9 and 15).

As a result of the query, DEA identified two files responsive to Plaintiff's request. (Miller Decl. ¶ 15). The FOIA Unit tasked DEA's Miami Division, the office that was identified as having the two case files responsive to Plaintiff's FOIA request, with retrieving them and then sending a copy of each file to the FOIA Unit. (Miller Decl. ¶ 16).

First, DEA's Miami Division notified the FOIA Unit that one of the files, related to the arrest of Plaintiff in 2000, had been destroyed in accordance with the Preservation of Records authority, 28 C.F.R. § 16.48. The second file, related to the criminal case cited in Plaintiff's January 15, 2018 request, was located and a copy of the file was sent to the FOIA Unit where it was processed. (Miller Decl. ¶ 17).

No other records system maintained by the DEA other than IRFS is reasonably likely to contain the records responsive to Plaintiff's request. Moreover, the records that Plaintiff sought were located based on a search of this record system. (Miller Decl. ¶ 18). Accordingly, DEA's search for responsive material was reasonable.

    **b. DEA's Withholdings Were Appropriate**

As previously discussed, to prevail on summary judgment in a FOIA action, an agency must demonstrate that it has met its burden of showing that the information it has withheld from disclosure is exempt and that the agency has adequately segregated non-exempt materials.

Here, DEA determined that the material responsive to his request is exempt from disclosure pursuant to FOIA, 5 U.S.C. § 552 (b)(7)(A),(C)-(F) and the Privacy Act, 5 U.S.C. § 552a(j)(2). *See* Exhibit C.

1. **DEA Properly Asserted Privacy Act Exemption j(2)**

Criminal investigative records maintained by the DEA are found in the Investigative Reporting and Filing System ("IRFS"), a DEA Privacy Act System of Records, reported at 72 Fed. Reg. 3410 and last published in its entirety at 61 Fed. Reg. 54219. (Miller Decl. ¶ 6).

DEA's criminal case files are exempt from Privacy Act access pursuant to 28 C.F.R. § 16.98(c)(3); *see also Dorsett v. U.S. Dept. of Treasury*, 307 F.Supp.2d 28 (D.D.C. 2004)( "[e]xemption (j)(2) exempts from disclosure "any system of records within the agency," as long as the agency that maintains the system of records "performs as its principal function any activity pertaining to the enforcement of criminal laws...." 5 U.S.C. § 552a(j)(2)."). Here, DEA is an enforcement agency specializing in the enforcement of restrictions on the use and trafficking of illicit substances and IRFS records are compiled to facilitate this law enforcement mission. (Miller Decl. ¶¶ 5-6, 19).

2. **DEA Properly Asserted FOIA Exemption 7(A)**

Exemption 7A was applied to withhold the Plaintiff's criminal file in its entirety, which consisted of 46 pages. (Miller Decl. ¶ 25).

Exemption 7(A) authorizes an agency to withhold "records or information compiled for law enforcement purposes" if disclosure "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). To justify withholding of the information under this exemption, the division must show that: (1) a law enforcement proceeding is pending or prospective; and (2) release of the information could reasonably be expected to cause some articulable harm. *See Goodrich Corp. v. USEPA*, 593 F. Supp. 2d 184, 193 (D.D.C. 2009) (citation omitted).

Here, DEA properly invoked exemption 7(A) to protect information regarding Plaintiff's criminal case. First, the file was created as a criminal investigative record pursuant to DEA's law enforcement authority, 21 U.S.C. § 801, *et. seq*. (Miller Decl. ¶ 22).

Second, Plaintiff's case is currently on appeal to the United States Court of Appeals for the Eleventh Circuit. (Miller Decl. ¶ 26). DEA reviewed the file and determined that the entire file should be withheld because the release of the investigative file may reveal the scope, direction, nature and pace of the investigation and information that could harm the government's prosecution in the criminal appellate process. (Miller Decl. ¶ 27). In addition, if the information is released, the individuals who are of investigative interest in this case could use the information to develop alibis, create false defenses, or intimidate, harass or harm potential witnesses. (Miller Decl. ¶ 27).

Moreover, this Court has routinely held that a pending appeal of a criminal conviction qualifies as an ongoing or prospective law enforcement proceeding for purposes of Exemption 7(A). *E.g*. *Kidder v. Fed. Bureau of Investigation,* No. 05-1094, 2007 WL 1020784, at *8 (D.D.C. Mar. 29, 2007); *Kansi v. United States Dep't of Justice,* 11 F.Supp.2d 42, 44 (D.D.C. 1998). Therefore, because the file was created for law enforcement purposes, an appeal is pending, and release of the documents could jeopardize the case, exemption 7(A) was properly asserted.

### 3. DEA Properly Asserted Exemption 7(C)

FOIA exemption 7(C) protects from disclosure records compiled for law enforcement purposes where disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). A court must balance the privacy interest of the individual referenced in the record against the public interest in disclosure.

As previously discussed, DEA is a law enforcement agency. It asserted exemption 7(C) to protect the identities of DEA Special Agents, federal and local law enforcement officers, and other government employees. (Miller Decl. ¶¶ 29-31). Specifically, names, telephone numbers, and the date and time of calls of the third parties were withheld. (Miller Decl. ¶ 29). Plaintiff has not established any specific public interest furthered by release of this identifying information. (*See*

Compl. generally). Rather, disclosure may lead to the third parties suffering harassment and humiliation. (*Id.* ¶ 29). Because the threat to third party privacy outweighs any presumptive public purpose, DEA correctly asserted exemption 7(C) to protect the identities of third parties. *Schrecker v. U.S. Dep't of Justice,* 349 F.3d 657, 666 (D.C. Cir. 2003) (quoting *Fitzgibbon v. CIA,* 911 F.2d 755, 767 (D.C. Cir. 1990) (As we have "long recognized," the "'mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation.'").

### 4. DEA Properly Asserted Exemption 7(D)

Exemption 7(D) protects from disclosure information compiled for law enforcement purposes where disclosure "could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency." 5 U.S.C. § 552(b)(7)(D). It also protects "information furnished by a confidential source" where the information was "compiled by a criminal law enforcement authority in the course of a criminal investigation." *Id.* Here, DEA applied 7(D) to protect the identity of confidential sources that aided DEA's criminal investigation of Plaintiff regarding drug trafficking, a known violent enterprise. (Miller Decl. ¶ 33). Accordingly, DEA properly asserted exemption 7(D) to protect the identities of confidential informants. *Petrucelli v. Dep't of Justice*, 106 F. Supp.3d 129, 134 (D.D.C. 2015) ("Confidentiality is not lost merely because a source becomes a government witness. Even when the source[s] testif[y] in open court, as ... [the plaintiff claims] the informant[s] [did] in this case, [they do] not thereby 'waive the [government's] right to invoke Exemption 7(D) to withhold ... information furnished by [ ] confidential source[s] not actually revealed in public.' ") (*quoting Davis v. U.S. Dep't of Justice,* 968 F.2d 1276, 1281 (D.C. Cir.1992) (citing *Parker v. U.S. Dep't of Justice,* 934 F.2d 375, 379–80 (D.C. Cir.1991)).

### 5. DEA Properly Asserted Exemption 7(E)

The FOIA, 5 U.S.C. § 552(b)(7)(E), sets forth an exemption for records or information compiled for law enforcement purposes if its release would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.

DEA has asserted Exemption 7(E) to withhold information related to Plaintiff's investigation including Geo-Drug Enforcement Program ("G-DEP"), which is part of the DEA's internal system of developing criminal activity information and intelligence, including DEA file numbers, specific information regarding meetings and debriefings with confidential and other sources, as well as related files, NADDIS numbers, acquisition of certain evidence, other identifying information, and material that would reveal sensitive, non-public references to the DEA's Agents Manual. (Miller Decl. ¶¶ 34-36).

Here, the release of the G-DEP identifiers/information would help identify priority given to narcotics investigations, types of criminal activities involved, and violator ratings. Suspects could decode this information and, as a result, change their patterns of drug trafficking in an effort to respond to what they determined the DEA knows about them, develop enforcement countermeasures, avoid detection and apprehension, create excuses for suspected activities, and/or create alibis for suspected activities. As such, disclosure of the G-DEP identifiers/information would enable circumvention of the DEA's law enforcement efforts. (Miller Decl. ¶ 35). If this information were to be released, criminals could restructure their activities to avoid or limit the capabilities of the techniques, thus circumventing the law. Further, release of the information protected here would also undermine the DEA's position in achieving its statutory mission and

could put agents and sources at risk of harm.  (Miller Decl. ¶ 37).  Accordingly, Defendant properly asserts Exemption 7(E).

### 6. DEA Properly Asserted Exemption 7(F)

Exemption 7(F) protects from disclosure information that "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F). DEA has asserted the exemption (in combination with exemption 7(D)) to protect the identities of state and local law enforcement officers, government employees, and confidential sources of information).

Specifically, DEA argues that special agents and other law enforcement officers may be subject to physical attacks and other threats to personal safety if their identities were revealed. (Miller Decl. ¶ 39).  In addition, undercover operations necessitate protecting agents' identities, and confidential sources may be threatened with violence or endangered if their identities were exposed. (*Id*.).

Therefore, DEA properly applied 7(F) to protect the physical safety of agents, sources, and other government employees. *Jimenez v. Fed. Bureau of Investigation,* 938 F. Supp. 21, 30 (D.D.C.1996) ("It is in the public interest not to disclose the identity of special agents so that they may continue to effectively pursue their undercover and investigative assignments."); *Gonzalez v. Bureau of Alcohol, Tobacco, and Firearms,* No. 04–2281, 2005 WL 3201009, at 10 (D.D.C. Nov.9, 2005) (finding that identities of undercover DEA agents properly withheld under Exemption 7(F)).

        Respectfully submitted,

        JESSIE K. LIU
        UNITED STATES ATTORNEY
        D.C. BAR NUMBER 472845

        DANIEL F. VAN HORN, D.C. Bar No. 924092
        Chief, Civil Division

        _____/s/_____
        RHONDA L. CAMPBELL, D.C. Bar No. 462402
        Assistant United States Attorneys
        Civil Division
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 252-2559
        Rhonda.campbell@usdoj.gov

        *Counsel for United States*