IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NORRIS WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-0104 (RBW) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7(h), United States Bureau of Justice ("DoJ" or "Defendant"), respectfully submits this statement of material facts as to which there is no genuine dispute. The attached declaration from Defendant support the following statement:

1. Plaintiff is a federal inmate incarcerated at FCI Coleman Correctional Facility in Florida. (*See* ECF Docket).

2. Plaintiff is serving a sentence of 360 months imprisonment for his conviction for distributing heroin and possessing heroin with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and for attempting to possess a kilogram or more of heroin with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(i), and 21 U.S.C. § 846. *United States v. Williams*, 718 Fed. App'x 890 (11th Cir. 2017).

**Plaintiff's Freedom of Information Act Request**

3. By correspondence dated January 15, 2018, Plaintiff, Norris Williams, submitted a request letter to DEA. Plaintiff sought "a full copy" of DEA's file related to Plaintiff and/or the "Criminal

Case 2:15-cr-00149-SPC-MRM-1." *See* Exhibit A.

4.     By correspondence dated February 15, 2018, DEA acknowledged receipt of Plaintiff's request and assigned it case number 18-00176-P. DEA further explained that the records sought would require searches in another office or offices and that the request fell within "unusual circumstances" that would require extending the time limit to respond. The letter also stated that Plaintiff was determined to be a non-media, non-commercial requester, entitling him to two free hours of search time and up to 100 pages of duplication without charge. *See* Exhibit B.

5.     By correspondence dated May 4, 2018, DEA informed Plaintiff that the material responsive to his request is exempt from disclosure pursuant to FOIA and the Privacy Act. *See* Exhibit C.

6.     By correspondence dated June 5, 2018, the Department of Justice, Office of Information Policy ("OIP"), acknowledged the receipt of an appeal from Plaintiff on May 25, 2018, and noted that the appeal was assigned DOJ-AP-2018-005907. (Declaration of Kelleigh A. Miller ("Miller Decl.") ¶ 13).

7.     By correspondence dated August 20, 2018, OIP informed Plaintiff that his appeal was denied. (Miller Decl. ¶ 14).

## DEA's LAW ENFORCEMENT MISSION and INVESTIGATIVE RECORDS

8.     DEA's mission includes enforcing the controlled substances laws and regulations of the United States. DEA's investigative jurisdiction derives from the Controlled Substances Act, 21 U.S.C. § 801, *et seq.* ("the CSA" or "the Act"). (Miller Decl. ¶ 5).

9.     The CSA authorizes DEA to enforce the Act through the investigation of trafficking in controlled substances and the violators who operate at interstate and international levels. This mission involves conducting criminal investigations to assist prosecutions of organizations and principal members of organizations involved in the growing, manufacture, or distribution of

controlled substances appearing in or destined for illicit traffic in the United States.  (Miller Decl. ¶ 5).

10.   Pursuant to its mission, all DEA criminal law enforcement investigative records are maintained in the DEA Investigative Reporting and Filing System ("IRFS").  (Miller Decl. ¶ 6).  Records from other DEA record systems that are related to an individual's involvement in, or association with, a DEA intelligence operation or civil, criminal, or regulatory investigation are retained in IRFS because IRFS includes all DEA law enforcement intelligence and investigative information that is maintained on an individual, whether in paper or electronic format.  (Miller Decl. ¶ 6).

11.   IRFS is a DEA Privacy Act System of Records (Justice/DEA-008) that contains all administrative, general, and criminal investigative files compiled by DEA for law enforcement purposes.  (Miller Decl. ¶ 6).

12.   DEA locates information from IRFS using the DEA Narcotics and Dangerous Drugs Information System ("NADDIS").  (Miller Decl. ¶ 7).

13.   NADDIS is an electronic data index system and the practical means by which DEA identifies and locates records in IRFS across all of DEA's offices worldwide.  Based on the input of search terms (such as name, Social Security Number, or date of birth), NADDIS provides an abstract of information, such as an investigative file number, investigative report number, or other record identifier by which to locate any existing IRFS records that are linked to the individual.  A query of NADDIS does not result in any actual IRFS records or documents, nor does it link to any electronic IRFS records.  Unlike IRFS, NADDIS is not a record keeping system so it does not contain complete information from an investigative file, but only discrete pieces of information

from the Report of Investigation (DEA Form 6), which is an investigative record that is maintained as part of IRFS. (Miller Decl. ¶ 7).

14.     A search of IRFS using NADDIS is a worldwide search for DEA records, including records maintained at field offices, because intelligence and investigative records generated across all DEA offices are indexed into NADDIS.  (Miller Decl. ¶ 8).

15.     An individual is indexed and identified in NADDIS by name, Social Security Number, or date of birth. (Miller Decl. ¶ 9).

## DEA's SEARCH for RESPONSIVE RECORDS

16.     DEA searched IRFS by querying NADDIS using the Plaintiff's name.  As a result of the query, DEA identified two files responsive to Plaintiff's request. (Miller Decl. ¶ 15).

17.     By memorandum dated February 15, 2018, the FOIA Unit tasked DEA's Miami Division, the office that was identified as having the two case files, with retrieving them and then sending a copy of each file to the FOIA Unit.  (Miller Decl. ¶ 16).

18.     DEA's Miami Division notified the FOIA Unit that one of the files, related to the arrest of Plaintiff in 2000, had been destroyed in accordance with the Preservation of Records authority, 28 C.F.R. § 16.48.  The second file, related to the criminal case cited in Plaintiff's January 15, 2018 request, was located and a copy of the file was sent to the FOIA Unit where it was processed. (Miller Decl. ¶ 17).

19.     Plaintiff's request, seeking records related to Plaintiff and/or the criminal case "2:15-cr-00149-SPC-MRM-1" are reasonably likely to be found in the DEA's IRFS, a Privacy Act System of Records that contains all administrative, general, and investigative files compiled by the DEA for law enforcement purposes.  No other records system maintained by the DEA other than IRFS is reasonably likely to contain the records responsive to Plaintiff's request.  Moreover, the records

4

that Plaintiff sought were located based on a search of this record system.  (Miller Decl. ¶ 18).

## DEA's DISCLOSURE DETERMINATION

### Privacy Act Exemption (j)(2)

20. The investigative records that are responsive to Plaintiff's requests are maintained in the DEA Investigative Reporting and Filing System (IRFS), JUSTICE/DEA-008.  These records are criminal investigatory data compiled for law enforcement purposes.  The information is gathered pursuant to DEA's law enforcement responsibility. (Miller Decl. ¶ 19).

21. IRFS is a Privacy Act (PA) system of records for which access is denied pursuant to PA Exemption (j)(2) published at 28 C.F.R. § 16.98.  Consistent with PA Exemption (j)(2), the records maintained in IRFS consist of (a) information compiled for the purpose of identifying individual criminal offenders and alleged offenders; identifying data and notations of arrests; and the nature and disposition of criminal charges, sentencing, confinement, release, parole and probation status; (b) information compiled for the purpose of a criminal investigation, including reports of informants and investigators associated with an identifiable individual; or (c) investigatory material compiled for law enforcement purposes.  DEA processes all requests by individuals for records pertaining to themselves under both the FOIA and PA in order to provide the requester with the maximum disclosure authorized by law.  (Miller Decl. ¶ 20).

22. DEA has promulgated regulations at 28 C.F.R. § 16.98 which exempt IRFS records from the PA's access provisions, as authorized by 5 U.S.C. § 552a(j)(2).  Subsection (j)(2) exempts from mandatory disclosure all records maintained by an agency or component performing as its principal function any activity pertaining to the enforcement of criminal laws.  DEA is such an agency.  Because Plaintiff's request pertained to his criminal investigation, the materials were necessarily compiled for law enforcement purposes.  Therefore, DEA determined that the

5

responsive records were exempt under the Privacy Act. Accordingly, DEA next reviewed the records responsive to his request under the provisions of the FOIA. (Miller Decl. ¶ 21).

## FOIA Exemption (b)(7) Threshold

23. DEA's investigative jurisdiction derives from the Controlled Substances Act ("The Act"), which authorizes DEA to enforce 21 U.S.C. § 801 *et seq.* through the investigation of incidences involving the trafficking in controlled substances, dangerous drugs, and precursor chemicals. The records responsive to Plaintiff's request pertain to DEA's investigation of him for violation of the Act. Therefore, the information readily meets the threshold requirement of Exemption (b)(7). (Miller Decl. ¶ 22).

## Withholding Pursuant to FOIA Exemption (b)(7)(A)

24. The FOIA, 5 U.S.C. § 552 (b)(7)(A), sets forth an exemption for records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to interfere with enforcement proceedings. (Miller Decl. ¶ 23).

25. Application of this exemption requires the existence of law enforcement records; a pending or prospective law enforcement proceeding; and a reasonable expectation that the release of information would interfere with the enforcement proceeding. (Miller Decl. ¶ 24).

26. Exemption 7A was applied to withhold the Plaintiff's criminal file in its entirety, which consisted of 46 pages. (Miller Decl. ¶ 25).

27. Release of the information concerning this investigation would be premature in light of the fact that the appeal stage for the criminal case referenced above has not been completed, the Court could still reject the sentencing of the criminal defendant, and a trial could resume. The prosecution would likely use the witness information, leads, and evidence collected and maintained within the DEA investigatory file. Releasing this information would compromise the

government's investigation by revealing its scope, pace, and direction. In addition, release would trigger a multitude of harms as described in the subparagraphs below:

(a)     Suspects and persons of interest would receive investigative details that would either alert them to efforts directed towards them and/or would allow them to analyze pertinent information about the investigation. As a result, these individuals would acquire the unique advantage of knowing certain details about or related to them which could be used to their advantage to escape prosecution and thwart current investigative efforts by altering or counteracting evidence, changing behavior, intimidating or physically harming witnesses or law enforcement officials, and/or flight.

(b)     Once information is released into the public domain, its use and dissemination by third parties is unrestricted. As such, release of these investigative details would allow third parties who are not directly related to this matter to interfere with investigative efforts, appeals and/or potential retrials through harassment, intimidation, and creation of false evidence by dispensing extraneous facts discussed in the investigation. Given the Plaintiff's associates, the threat posed by such harassment and intimidation is very real.

(c)     The release of the withheld investigative details could lead to the identification of sources of information, witnesses, potential witnesses, law enforcement personnel, and individuals otherwise associated with the investigation who could then be targeted for intimidation and/or physical harm. The release of this information would enable individuals and other third parties to uncover the Government's legal strategy in the case. (Miller Decl. ¶ 27).

28.     DEA withheld all 46 pages pursuant to FOIA Exemption 7(A). (Miller Decl. ¶ 28).

### Withholding Pursuant to FOIA Exemption (b)(7)(C)

29.     The FOIA, 5 U.S.C. § 552 (b)(7)(C), sets forth an exemption for records or information

compiled for law enforcement purposes the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. The investigative records processed in response to Plaintiff's FOIA request contain names and other identifying information that would reveal the identity of, and disclose personal information about, individuals who were involved or associated with the Plaintiff, or with a law enforcement investigation, and could subject them to possible harassment, or focus derogatory inferences and suspicion upon them. The individuals are protected from the disclosure of their identities and information about them. These individuals include third-parties, such as law enforcement personnel, witnesses, suspects, co-defendants and confidential sources of information. (Miller Decl. ¶ 29).

30. The individuals' privacy interests were balanced against any discernible public interest in disclosure of the individuals' identities. The Plaintiff provided no facts to establish any public interest that would outweigh the privacy interests of the individuals. Thus, disclosure of the identities would be an unwarranted invasion of their personal privacy. (Miller Decl. ¶ 30).

31. The public interest in disclosure of the information was determined by whether the information in question would inform the Plaintiff or the general public about DEA's performance of its mission to enforce Federal criminal statutes and the Act, or how DEA conducts its internal operations and investigations. In this case, it was determined that there was no legitimate public interest in the information withheld under Exemption (7)(C), and release of any information about a third-party would constitute an unwarranted invasion of that third-party's personal privacy. (Miller Decl. ¶ 31).

## Withholding Pursuant to FOIA Exemption (b)(7)(D)

32. The FOIA, 5 U.S.C. § 552 (b)(7)(D), sets forth an exemption for records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to

reveal the identity of a confidential source or information furnished by a confidential source. Exemption (7)(D) was employed to withhold portions of the report that contained information that would disclose the identity of and the information provided by the confidential source. (Miller Decl. ¶ 32).

33. Because of the nature of DEA's criminal investigations, any information that could identify an informant could subject them, their family members and associates, to serious harm, substantial repercussions, and possibly even death. (Miller Decl. ¶ 33).

### Withholding Pursuant to FOIA Exemption (b)(7)(E)

34. The FOIA, 5 U.S.C. § 552(b)(7)(E), sets forth an exemption for records or information compiled for law enforcement purposes if its release would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. (Miller Decl. ¶ 34).

35. DEA has asserted Exemption 7(E) to withhold information related to Plaintiff's investigation including Geo-Drug Enforcement Program (G-DEP) identifiers and other information. G-DEP identifiers/information are part of the DEA's internal system of developing criminal activity information and intelligence. The release of the G-DEP identifiers/information would help identify priority given to narcotics investigations, types of criminal activities involved, and violator ratings. Suspects could decode this information and, as a result, change their patterns of drug trafficking in an effort to respond to what they determined the DEA knows about them, develop enforcement countermeasures, avoid detection and apprehension, create excuses for suspected activities, and/or create alibis for suspected activities. As such, disclosure of the G-DEP

identifiers/information would enable circumvention of the DEA's law enforcement efforts. (Miller Decl. ¶ 35).

36. DEA also has asserted Exemption 7(E) to withhold information related to Plaintiff's investigations including DEA file numbers, specific information regarding meetings and debriefings with confidential and other sources, as well as related files, NADDIS numbers, acquisition of certain evidence, other identifying information, and material that would reveal sensitive, non-public references to the DEA's Agents Manual, which is not available to the public and would reveal DEA information and law enforcement techniques. (Miller Decl. ¶ 36).

37. If any of this information were to be released, criminals could restructure their activities to avoid or limit the capabilities of the techniques, thus circumventing the law. Further, release of the information protected here would also undermine the DEA's position in achieving its statutory mission and could put agents and sources at risk of harm. (Miller Decl. ¶ 37).

### Withholding Pursuant to FOIA Exemption (b)(7)(F)

38. The FOIA, 5 U.S.C. § 552(b)(7)(F), sets forth an exemption for records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to endanger the life or physical safety of an individual. (Miller Decl. ¶ 38).

39. DEA Special Agents are frequently called upon to conduct a wide variety of investigations, including sensitive and dangerous undercover operations. Special Agents routinely approach and associate with violators in a covert capacity. (Miller Decl. ¶ 39).

**FORESEEABLE HARM**

40. As described in the previous paragraphs, DEA believes that release of any of the withheld information would trigger foreseeable harm to one or more interests protected by the cited FOIA exemptions. Specifically, release of the information could reasonably be expected to interfere with law enforcement proceedings; result in an unwarranted invasion of personal privacy; result in revealing a confidential source of information; reveal sensitive law enforcement techniques and procedures; and place in jeopardy the lives and safety of third parties. (Miller Decl. ¶ 40).

    Respectfully submitted,

    JESSIE K. LIU
    UNITED STATES ATTORNEY
    D.C. BAR NUMBER 472845

    DANIEL F. VAN HORN, D.C. Bar No. 924092
    Chief, Civil Division

    /s/
    RHONDA L. CAMPBELL, D.C. Bar No. 462402
    Assistant United States Attorneys
    Civil Division
    555 4th Street, N.W.
    Washington, D.C. 20530
    (202) 252-2559
    Rhonda.campbell@usdoj.gov

    *Counsel for United States*