IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*[handwritten: Pro se to file is granted. Judge Walton 6/7/19]*

Norris Williams,

    Plaintiff,

v.

                                   Civil Action No. 19-0104(RBW)

U.S. DEPARTMENT OF JUSTICE

Plaintiff Motion to Oppose Defendant's Request
for Summary Judgement

    Comes now, Plaintiff Norris Williams who files this motion pro-se prays this Court construe this motion liberally Haines v. Kerner 404 U.S. 519 (1972).

Plaintiff files this motion to oppose Defendant's motion for Summary Judgement.

1.

## Plaintiff Cross Motion for Summary Judgement

Plaintiff Norris Williams filed this civil action on January 17, 2019 based on the forgoing facts.

1. Plaintiff through diligence sought records/documents pertaining to his criminal case no: 2:19-CV-271-FTM-38-MRM through the FOIA. PA.

2. Plaintiff was told that there was evidence available however it was an "unusual circumstance" and that Plaintiff is unable to receive them due to 5 U.S.C. 552(B)(7)(A),(C)-(F) and the Privacy Act, 5 U.S.C. § 552 a(j)(2). Plaintiff move to strike those assertions based on the fact that Plaintiff's case was closed and finalized when the Supreme Court denied cert review on April 30, 2018.

3. The Defendant <u>conceded</u> that there is <u>46</u> pages of documents that exist. Plaintiff move to strike the Defendant's reason for not providing the <u>46 pages</u>.

4. Plaintiff stated on P.6 memorandum in support of that it "segregated" portions of the record not relevant to Plaintiff's request.

5. Plaintiff is <u>not</u> tied to any dangerous organizations nor is Plaintiff have any violent dangerous associates those contentions are a muse to detract the constitutional violations that are occuring and that continue to occur

2.

   when minorities exercise their rights to retain legally permissable information that is stored against them. Plaintiff moves to strike those assertions from the the Declaration KELLEIGH M. MILLER. stating that the information is gathered pursuant to DEA's Law Enforcement responsibility. See DEA's Disclosure at 19.

6. The Declaration of KELLEIGH M. MILLER #25, 26, 27(a)-(c) 28, 29-40, the reasons set forth violates Plaintiff's Sixth Amendment Right to confront his accusors under the U.S. Constitution.

7. Plaintiff request that this Court grant Summary Judgement in favor of Plaintiff and order Defendant to turn over the 46 pages of documents pertaining to Plaintiff Criminal Case No.: 2:15-CR-00149-SPC-MRM-1

## Certificate of Service

I, hereby certify that on this day of <u>24th</u> day of <u>May</u> a true and correct copy have <u>**genuine dispute**</u> was sent via First Class Mail to:

Rhonda L. Campbell
Assistant United States Attorney Civil Division
555 Fourth Street N.W.
Washington  D.C. 20530

U.S. District and Bankruptcy Court
For District of Columbia Office of the Clerk
E. Barrett Prettyman Courthouse
Washington D.C. 20001

Respectfully Submitted,

*Norris Williams* (signature)

Norris Williams
Reg. No. 33221-018
FCI Coleman Medium
P.O. BOX 1032
Coleman, FL 33521

4.

In the United States District Court
For the District of Columbia

Norris Williams,

    Plaintiff,

VS.                                             Civil Action No. 19-0104(RBW)

United States Dep't of Justice,

    Respondent.
_____/

Memorandum in Support of Plaintiff
Request for Summary Judgement

Comes now, Plaintiff, Norris Williams, who files this Motion pro se prays this court construes this otion liberally <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).

Procedural History

Plaintiff was convicted by a jury of violating 21 U.S.C. § 841(A)(1) and (b)(1)(c) and for Attempting to Possess a Kilogram or more of heroin with Intent to Distribute in violation of 21 U.S.C. § 841(A)(1) and (b)(1)(A)(i) and 21 U.S.C. § 846.

Plaintiff before trial requested all <u>exculpatory evidence</u> through then attorney David J. Joffe. Plaintiff did not receive that information. Plaintiff was subsequently convicted on all counts of his indictment. Plaintiff sought the information by

writing a letter to **FOIA/PA** Unit Drug Enforcement Agency Headquarters, Plaintiff received a response on February 15, 2018 <u>See Attached</u>. Then Plaintiff was given **case no. 18-00176-P** on May 4, 2018 Plaintiff was given a denial response stating there was information available but due to law enforcement purposes they are exempt under 5 U.S.C.(C) see **Exhibit**. Plaintiff filed a motion in U.S. District Court pertaining to the evidence that was withheld, pursuant to **Federal Rule of Criminal Procedure 33**. The Court denied the motion stating that <u>absent</u> the documents Plaintiff is <u>not</u> entitled to a <u>New Trial</u>, then the **FOIA** rquest came back denied and in the request instructed Plaintiff to file in District Court this request timely followed.

### Argument

5 U.S.C. § 552(A) each agency shall make available to the Public Information as follows (D) copies of all records, regardless of form or format. (Plaintiff disputes other section of the PA due to the fact the reasons to withhold information is erroneous and prejudicial to Minorities who request disclosure of now classified redacted information) The Freedom of Information Act seeks to ensure an "Informed Citizenry" the Informed Citizenry Standard See the ACLU of Northern California; Asian Law Caucus: San Francisco Bay Guardian V FBI, 881 F.2 776. Americans have an inherited right to know information that is stored against them for purposes of prosecution. The Freedom of Information Act was created to ensure that Citizens not only know the details of Information

-2-

stored against them but to also know that the Information stored against them is <u>accurate</u> and is not based on a biased agenda.

The Act requires that Federal agencies make records within their possession promptly available to Citizens. See <u>NLRB v. Robbins Tire and Rubber Co.</u>, 437 U.S. 214, 242, 98 S.Ct. 2311, 57 L.Ed.2d 159). The Defendant's conceded that there are records that are available "however that Plaintiff was/and or is <u>affiliated</u> with dangerous violent associates." See Declaration. Plaintiff Due Process Rights are being violated when Plaintiff is not given the opportunity to obtain information for purposes that can vindicate said individual who is being falsely accused. Plaintiff Oriminal case only consisted of one Criminal defendant which is Plaintiff. Plaintiff filed a **Federal Rule of Criminal Procedure rule 33 Motion for New Trial** the defendants not only <u>conceded</u> that they <u>have</u> 46 pages of <u>exculpatory</u> evidence. When Plaintiff is not afforded the ability to exercise there right to confront their accusers at trial that is a <u>violation</u> of the U.S. Constitution's 6th Amendment. The 6th Amendment states:

In All Criminal Prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by Law, <u>and to be informed of the nature and cause of the accusation</u>; <u>to be confronted with the witnesses against him</u>; to have compulsory process for <u>obtaining witnesses in his favor</u>, and to have the assistance of counsel for his defense.

-3-

Summary Judgment is warranted in favor of Plaintiff because defendants not only conceded to the fact they have withheld information Defendant(s) continue to withhold information that can exonerate Plaintiff when Plaintiff exercised his right to obtain information, the method used for exemption is erroneous. This Circuit(s) precedent states FOIA "Requires federal agencies to make government records available to the public, subject to nine exemptions for specific of material." See, **Milner of Dep't of Navy 562 U.S. 564, 131 S.Ct. 1259 179 L.Ed.2d 268 (2011).** Defendant did not comply with Plaintiff s) request for the tapes that were available, Defendant only mentioned the fact that there were 46 pages therefore again request for the unedited tapes. Defendant reasons for not giving Plaintiff the 46 page documents. The reasons stated by Defendant violated the standards set by the Vaugh Index. This case provides a <u>classic</u> example of such a situation. Here the government contends that the documents contain information of a personal nature, the disclosure of which would constitute an invasion of certain individuals privacy. See <u>Vaugh v. Rosen,</u> <u>484 F.2d 824 (Aug. 20, 1993).</u> Defendants can provide Plaintiff with documentation with names redacted to protect the public from knowing the name of said individuals. The Defendant s) claim exemption under 5 U.S.C. § 552(b)(7)(A)(C)-(F) PA Act, 5 U.S.C. § 552(A)(J)(2). While it is not impossible, it seems highly unlikely that a particular element of the information sought would be exempt under both exemptions." Even if isolated portions of the document are exempt under more than one exemption it is preposterous to contend that all of the

-4-

information is equally exempt under all of the alleged exemptions." See Vaugh v. Rosen, 484 F.2d 828. It is clear that Plaintiff is entitled to Summary Judgement.

## Conclusion

Plaintiff request Summary Judgment and request that Defendant turns over ALL documents pertaining to his Criminal Case.

## Certificate of Service

I, Norris Williams, Certify that a true and correct copy have been sent to:

Rhonda L. Campbell, AUSA
Civil Division
555 4th Street NW
Washington, DC 20530

Honorable Reggie B. Walton
U.S. District and Bankruptcy Court
for the District of Columbia
Office of the Clerk
E. Barret Prettyman Courthouse
Washington, D.C. 20001

Respectfully submitted,

Norris Williams
Reg. No. 33221-018
F.C.C. Coleman Medium
P.O. Box 1032
Coleman, Florida 33521

-5-