# Exhibit: A

January 15, 2018

FOI/PA Unit
Drug Enforcement Agency Headquarters
8701 Morrissette Drive
Springfield, VA  22152

Re:  Freedom of Information Act Request
     Norris Williams
     Criminal Case No. 2:15-cr-00149-SPC-MRM-1

To Whom It May Concern:

Please accept this letter as an official request pursuant to
the Freedom of Information Act.  Please provide a full copy
of your file related to the above-referenced individual and/
or criminal case identified.

If your office is unable to produce information responsive
to this request, please provide a written response indicating
why you are unable to comply.  If information is withheld
but other information provided, please provide a written
response indicating the nature of the material withheld and
the legal reason for your withholding of it.

Thank you in advance for your prompt attention to this
request and anticipated compliance.

Sincerely,

Norris Williams
#33221-018
FCI Coleman Medium
P.O. Box 1032
Coleman, FL  33521-1032

2018 JAN 24  AM 10:36

Norris Williams
#33221-018
Federal Correction Complex Medium
P.O. Box 1032
Coleman, FL 33521-1032

FOI/PA Unit
Drug Enforcement Agency Headquarters
8701 Morrissette Drive
Springfield, VA 22152

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

NO. 18-13929

---

UNITED STATES OF AMERICA,

Appellee,

versus

NORRIS WILLIAMS

Appellant.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

---

## APPELLANT'S REPLY BRIEF

> JOFFE & JOFFE, P.A.
> Attorney for Appellant
> The 110 Tower Building
> 110 S.E. 6th Street
> 17th Floor, Suite 1700
> Ft. Lauderdale, Florida  33301
> Telephone:  (954) 723-0007
> Florida Bar No. 0814164
> davidjjoffe@aol.com

**United States v. Norris Williams Case No.: 18-13939**

## Certificate of Interested Persons

Undersigned counsel for the Appellant hereby certifies that the following is a complete list of persons and entities who have an interest in the outcome of this case:

The Honorable Sheri Polster Chappell

The Honorable Magistrate Judge Mac R. McCoy

Russell K. Rosenthal, Esq.

Charles D. Schmitz, AUSA

David Jonathon Joffe, Esq.

Norris Williams

Michael Bagge-Hernandez, AUSA

David Lazarus, AUSA

Robert Barclift, AUSA

David P. Rhodes, AUSA, Chief, Appellate Division

Yvette Rhodes, AUSA

## <u>Table of Contents</u>

|  | <u>Page</u> |
|---|---|
| Certificate of Interested Persons……………………………… | C-1 |
| Table of Contents…………………………………………………… | i |
| Table of Authorities………………………………………………… | ii |

Argument and Citations of Authority:

| I.   WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION IN DENYING WILLIAMS' MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE…………………………………………………… | 1 |
|---|---|
| Conclusion……………………………………………………………… | 5 |
| Certificate of Compliance……………………………………….. | 5 |
| Certificate of Service……………………………………………… | 6 |

## Table of Authorities

**Cases**                                                                           **Page**

Brady v. Maryland, 83 S.Ct. 1194, 373 U.S. 83 (1963)................   4

United States v. Jernigan, 341 F.3d 1273 (11th Cir.2003).............   1,2

United States v. Massey, 89 F.3d 1433 (11th Cir.1996)...............   2

United States v. Scrusy, 721 F.3., 1288 (11th Cir. 2013)..............   3

**Federal Statutes**

5 U.S.C. §552(b)(7)(A)……………………………………………..   3

5 U.S.C. §552(b)(7)(C)……………………………………………..   3

5 U.S.C. §552(b)(7)(E)……………………………………………...   3

5 U.S.C. §552(b)(7)(F)……………………………………………...   3

**Federal Rules of Appellate Procedure**

32(a)(7)(B)(iii)……………………………………………………   5

**Federal Rules of Criminal Procedure**

Rule 33………………………………………………………………...   2,4

Rule 33(a)……………………………………………………………...   2,4

## Argument

### I.

## THE DISTRICT COURT ABUSED ITS DISCRETION IN DENYING WILLIAMS' MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE.

The government argues that the District Court did not abuse its discretion in denying WILLIAMS' Motion for New Trial due to the fact that he failed to establish the requirements for a new trial. The Government is incorrect.

It is true that WILLIAMS must establish that: (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result." *United States v. Jernigan,* 341 F.3d 1273, 1287 (11th Cir.2003)

However, WILLIAMS did establish the elements. WILLIAMS was not informed about the Drug Enforcement Administration's (DEA) records until after the trial. WILLIAMS did all he could to discover said evidence by requesting same through his FOIA request. Said request was denied.

Furthermore, the evidence is material to his conviction which is evidenced by the DEA's denial of his request. And, it is clear that the new evidence, based on

1

why DEA denied WILLIAMS' request, would have created a different result had the evidence been available and introduced at the trial. As such, the actions by the DEA in and of themselves clearly establish that WILLIAMS has met the requirements of *United States v. Jernigan,* 341 F.3d 1273 (11th Cir.2003).

Even if for argument sake, WILLIAMS did not establish all of the elements, his Motion for New Trial should still have been granted. Fed.R.Crim.P. 33 provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed.R.Crim.P. 33(a). In the case at hand, interest requires a new trial due to the actions of the DEA, i.e., not producing the newly discovered evidence.

The government then argues that the District Court did not abuse is discretion in denying the motion without an evidentiary hearing because "no hearing was required: based on the motion and existing record . . ." (Government's Brief, page 8). Again, this is untrue.

First, case caselaw is clear that this court must review a District Court's decision concerning whether to hold an evidentiary hearing for abuse of discretion. *United States v. Massey,* 89 F.3d 1433, 1443 (11th Cir.1996). WILLIAMS argues that the District Court did abuse its discretion.

How can the existing records contain all the evidence, when DEA refused to produce the requested evidence? DEA advised that it will not release the information

2

requested and that concerned WILLIAMS due to 5 U.S.C. §552(b)(7)(A), 5 U.S.C. §552(b)(7)(C), 5 U.S.C. §552(b)(7)(E) and 5 U.S.C. §552(b)(7)(F).

In reviewing 5 U.S.C. §552(b)(7)(A), 5 U.S.C. §552(b)(7)(C), 5 U.S.C. §552(b)(7)(E) and 5 U.S.C. §552(b)(7)(F), it is evident that the information being held by DEA, if provided to WILLIAMS would produce an acquittal due to the basis for the "withholding" of the evidence. Pursuant to 5 U.S.C. §552 (b)(7)(A), 5 U.S.C. §552(C), 5 U.S.C. §552(E) and 5 U.S.C. §552(F), the evidence is being withheld because said information "could reasonably be expected to interfere with enforcement proceedings; . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy; . . . would disclose techniques and procedures for law enforcement; or could reasonably be expected to endanger the life or physical safety of any individual." Because said evidence is present but is being withheld by the DEA, the District Court should have held an evidentiary hearing requiring the government to proffer what the evidence is that DEA is holding and whether same is in fact exculpatory or not.

As such, an evidentiary hearing should have been held, because the record did not and does not contain "all of the evidence needed to dispose of each of the grounds asserted as the basis for a new trial". *See United States v. Scrusy*, 721 F.3d. 1288, 1305 n.30 (11th Cir. 2013).

3

Second, there should have been an evidentiary hearing to ascertain if in fact DEA should release said information to WILIAMS so that he can produce any and all exculpatory evidence. Again, the government (DEA) must release any and all exculpatory evidence and failure to do so is a violation of WILLIAMS' constitutional rights. See *Brady v. Maryland*, 83 S.Ct. 1194, 373 U.S. 83 (1963). As such, the District Court abused its discretion in denying WILLIAMS' *pro se* Motion for New Trial Pursuant to Federal Rule of Criminal Procedure 33 on August 28, 2018 without an evidentiary hearing. (DE:127).

Based on the above, this Court must vacate the District Court's Order denying WILLIAMS' Motion for New Trial and remand the matter to the District Court to have a new trial because the interest of justice so requires said ruling. Fed.R.Crim.P. 33(a).

Finally, the government argues that because WILLIAMS did not raise the question about his sentence being unreasonable in his motion that same should not be addressed and that even if he did raise the issue, sentencing challenges cannot be addressed in a motion under Fed.R.Crim.P. 33. WILLIAMS clearly is arguing that considering all of arguments raised by WILLIAMS in his Motion for New Trial and his Initial Brief, that the newly discovered evidence is necessary to ascertain what his sentence should be.

4

## Conclusion

Based upon the foregoing and WILLIAMS' initial brief, it is respectfully submitted that the judgment and sentence entered by the District Court must be vacated and the matter remanded for a new trial to include the newly discovered evidence.

## Certificate of Compliance

I HEREBY CERTIFY that this reply brief contains 998 words and therefore complies with the type-volume limitation of Fed.R.App.P. 32(a)(7)(B)(iii).

Respectfully submitted,

JOFFE & JOFFE, P.A.
Attorney for Appellant
The 110 Tower Building
110 S.E. 6th Street
17th Floor, Suite 1700
Ft. Lauderdale, Florida 33301
Telephone:  (954) 723-0007
Facsimile:   (954) 723-0033
davidjjoffe@aol.com

By /s/ David J. Joffe
DAVID J. JOFFE, ESQUIRE
Florida Bar No. 0814164

5

## CERTIFICATE OF SERVICE

I, David J. Joffe, attorney for Appellant, NORRIS WILLIAMS, do hereby certify that a true and correct copy of NORRIS' Reply Brief of Appellant was duly served on the United States and all attorney of record by filing same on the Court's CM/ECF system on March 22, 2019.

/S/ *David J. Joffe*
DAVID J. JOFFE, ESQUIRE

6

# Exhibit: B



**U.S. Department of Justice**
Drug Enforcement Administration
FOI/Records Management Section
8701 Morrissette Drive
Springfield, Virginia 22152

FEB 1 5 2018

Case Number: 18-00176-P

Subject:  Williams, Norris

Norris Williams
Reg. No. 33221-018
FCI Coleman
P.O. Box 1032
Coleman, Florida 33521-1032

Dear Mr. Williams:

        This letter is in reference to your Freedom of Information/Privacy Act (FOI/PA) request
dated January 15, 2018, addressed to the Drug Enforcement Administration (DEA), Freedom of
Information/Privacy Act Unit (SARF), seeking access to information regarding the above
subject.

        Please be advised, we are in receipt of your recent correspondence, Department of Justice
(DOJ), Certification of Identity Form 361 dated February 06, 2018, regarding your pending
Freedom of Information/Privacy Act request.

        The records you seek require searches in another office or offices, and so your request
falls within "unusual circumstances." *See* 5 U.S.C. § 552(a)(6)(B)(i)-(iii). Because of these
unusual circumstances, we are extending the time limit to respond to your request beyond the ten
additional days provided by the statute. We have not yet completed a search to determine
whether there are records within the scope of your request. The time needed to process your
request will necessarily depend on the complexity of our records search and on the volume and
complexity of any records located. For your information, this office assigns incoming requests
to one of three tracks: simple, complex, or expedited. Each request is then handled on a first-in,
first-out basis in relation to other requests in the same track. Simple requests usually receive a
response in approximately one month, whereas complex requests necessarily take longer. At this
time, your request has been assigned to the complex track. You may wish to narrow the scope of
your request to limit the number of potentially responsive records or agree to an alternative time
frame for processing, should records be located; or you may wish to await the completion of our
records search to discuss either of these options.

Case Number: 18-00176-P

                                                                    Page 2

        We have determined that you are a non-media, non-commercial requester pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(III). As a non-media, non-commercial requester, you are entitled to two free hours of search time and up to one hundred pages of duplication without charge. *See* 28 C.F.R. § 16.10(d)(4) (2015).

        We regret the necessity of this delay, but please be assured that your request will be processed as soon as possible.  If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact Government Information Specialist Jewell W. Carroll at 202-307-4006, our Customer Service Hotline Representative at 202-307-7596 or mail your correspondence to:

                DEA HEADQUARTERS
                ATTN: FOI/PA UNIT (SARF)
                8701 MORRISSETTE DRIVE
                SPRINGFIELD, VIRGINIA  22152

        You may contact our FOIA Public Liaison at 202-307-7596 for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

                        Sincerely,

                        Katherine Myrick

                        Katherine L. Myrick, Chief
                        Freedom of Information/Privacy Act Unit
                        FOI/Records Management Section

# Exhibit: C



**U.S. Department of Justice**
Drug Enforcement Administration
FOI/Records Management Section
8701 Morrissette Drive
Springfield. Virginia 22152

MAY 0 4 2018

Case Number: 18-00176-P

Subject: Williams. Norris

Norris Williams
Reg. No. 33221-018
FCI Coleman Medium
P.O. Box 1032
Coleman. Florida 33521-1032

Dear Mr. Williams:

This letter responds to your Freedom of Information/Privacy Act (FOI/PA) request dated January 15. 2018. addressed to the Drug Enforcement Administration (DEA). Freedom of Information/Privacy Act Unit (SARF). seeking access to information regarding the above subject.

After reviewing your request, we conducted a search for responsive records pertaining to the above subject. To search for responsive records. we queried the DEA Investigative Reporting and Filing System (IRFS). IRFS is the system of records that contains all administrative, general and investigative files compiled by DEA for law enforcement purposes. As a result of our query. we were able to identify records pertaining to the subject of your request.

A determination has been made to withhold all documents pursuant to subsections of the Privacy Act and/or Freedom of Information Act referenced at the end of this letter. The exemption number(s) indicated by a mark appearing in the block to the left of the subsection cited constitutes the authority for withholding the deleted material. An enclosure to this letter explains these exemptions in more detail.

For your information. Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do. or do not. exist.

You may contact our FOIA Public Liaison at 202-307-7596 for any further assistance and to discuss any aspect of your request. Additionally. you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services. National Archives and Records Administration. Room 2510. 8601 Adelphi Road. College Park. Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Case Number: 18-00176-P                                                      Page 2


     If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

     If you have any questions regarding this letter, you may contact Government Information Specialist R. Green at (202) 307-4855.

                 Sincerely,

                 Katherine L. Myrick, Chief
                 Freedom of Information/Privacy Act Unit
                 FOI/Records Management Section

Enclosures

Case Number: 18-00176-P                                    Page 3

## APPLICABLE SECTIONS OF THE FREEDOM OF INFORMATION AND/OR PRIVACY ACT:

| **Freedom of Information Act** 5 U.S.C. 552 | | | **Privacy Act** 5 U.S.C. 552a | |
|---|---|---|---|---|
| [ ] (b)(1) | [ ] (b)(5) | [X] (b)(7)(C) | [ ] (d)(5) | [ ] (k)(2) |
| [ ] (b)(2) | [ ] (b)(6) | [ ] (b)(7)(D) | [X] (j)(2) | [ ] (k)(5) |
| [ ] (b)(3) | [X] (b)(7)(A) | [X] (b)(7)(E) | [ ] (k)(1) | [ ] (k)(6) |
| [ ] (b)(4) | [ ] (b)(7)(B) | [X] (b)(7)(F) | | |

## EXPLANATION OF EXEMPTIONS
## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b)(2) related solely to the internal personnel rules and practices of an agency;

(b)(3) specifically exempted from disclosure by statute (other than section 552b of this title), if that statute- (A)(i) requires that the matters be withheld from the public in such a manner as to leave    no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and (B) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites to this paragraph.

(b)(4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8) contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9) geological and geophysical information and data, including maps, concerning wells.

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5) information compiled in reasonable anticipation of a civil action proceeding;

(j)(2) material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1) information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2) investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3) material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4) required by statute to be maintained and used solely as statistical records;

(k)(5) investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6) testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7) material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORRIS WILLIAMS,                    ) | |
|                                     ) | |
|           Plaintiff,                ) | |
|                                     ) | |
|    v.                               ) | Civil Action No. 19-0104 (RBW) |
|                                     ) | |
| U.S. DEPARTMENT OF JUSTICE,         ) | |
|                                     ) | |
|           Defendant.                ) | |
|                                     ) | |

## DECLARATION OF KELLEIGH A. MILLER

I, Kelleigh A. Miller, hereby make the following Declaration under penalty of perjury
pursuant to 28 U.S.C. § 1746.

1.     I am currently the Section Chief of the Freedom of Information and Records
Management Section ("SAR") of the United States Department of Justice ("DOJ"), Drug
Enforcement Administration ("DEA"), located at DEA's Headquarters in Arlington, Virginia. I
have served in this capacity since February 2017. I have been a DEA employee for over 19
years. Prior to becoming a Section Chief, I was a Supervisory Program Analyst in the DEA
Office of Inspections for 8 years.

2.     As the Section Chief, I oversee the processing of requests to DEA under the Freedom of
Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act ("PA"), 5 U.S.C. § 552a (cited
together as FOIA/PA). I am familiar with the policies and practices of the DEA related to
search, process, disclosure, and amendment of DEA information under the FOIA and PA
because of my experience in this position and because of the nature of my official duties, which

includes supervision of 80 employees who staff three units: Freedom of Information and Privacy

Act ("SARF"), Records Management ("SARR"), and Investigative Records ("SARI"). SARF is

the DEA office responsible for the receipt, process, and disclosure of DEA information requested

pursuant to the FOIA/PA.

3.     In preparing this declaration, I have read and am familiar with the complaint in the above

titled action.

4.     The statements I make in this declaration are true and correct to the best of my belief and

are based on my personal knowledge as well as information acquired by me in the course of

performing my official duties.

## DEA's LAW ENFORCEMENT MISSION and INVESTIGATIVE RECORDS

5.     DEA's mission includes enforcing the controlled substances laws and regulations of the

United States.  DEA's investigative jurisdiction derives from the Controlled Substances Act, 21

U.S.C. § 801, *et seq.* ("the CSA" or "the Act").  The CSA authorizes DEA to enforce the Act

through the investigation of trafficking in controlled substances and the violators who operate at

interstate and international levels.  This mission involves conducting criminal investigations to

assist prosecutions of organizations and principal members of organizations involved in the

growing, manufacture, or distribution of controlled substances appearing in or destined for illicit

traffic in the United States.

6.     Pursuant to its mission, all DEA criminal law enforcement investigative records are

maintained in the DEA Investigative Reporting and Filing System ("IRFS").  Records from other

DEA record systems that are related to an individual's involvement in, or association with, a

DEA intelligence operation or civil, criminal, or regulatory investigation are retained in IRFS

because IRFS includes all DEA law enforcement intelligence and investigative information that

is maintained on an individual, whether in paper or electronic format. IRFS is a DEA Privacy Act System of Records (Justice/DEA-008) that contains all administrative, general, and criminal investigative files compiled by DEA for law enforcement purposes.

7.     DEA locates information from IRFS using the DEA Narcotics and Dangerous Drugs Information System ("NADDIS"). NADDIS is an electronic data index system and the practical means by which DEA identifies and locates records in IRFS across all of DEA's offices worldwide. Based on the input of search terms (such as name, Social Security Number, or date of birth), NADDIS provides an abstract of information, such as an investigative file number, investigative report number, or other record identifier by which to locate any existing IRFS records that are linked to the individual. A query of NADDIS does not result in any actual IRFS records or documents, nor does it link to any electronic IRFS records. Unlike IRFS, NADDIS is not a record keeping system so it does not contain complete information from an investigative file, but only discrete pieces of information from the Report of Investigation (DEA Form 6), which is an investigative record that is maintained as part of IRFS.

8.     A search of IRFS using NADDIS is a worldwide search for DEA records, including records maintained at field offices, because intelligence and investigative records generated across all DEA offices are indexed into NADDIS.

9.     An individual is indexed and identified in NADDIS by name, Social Security Number, or date of birth.

## DEA's RECEIPT of PLAINTIFF's REQUEST FOR RECORDS and SUBSEQUENT CORRESPONDENCE

10.     By correspondence dated January 15, 2018, Plaintiff, Norris Williams, submitted a request letter to DEA. Plaintiff sought "a full copy" of DEA's file related to Plaintiff and/or the "Criminal Case 2:15-cr-00149-SPC-MRM-1." *See* Exhibit A.

11.    By correspondence dated February 15, 2018, DEA acknowledged receipt of Plaintiff's request and assigned it case number 18-00176-P. DEA further explained that the records sought would require searches in another office or offices and that the request fell within "unusual circumstances" that would require extending the time limit to respond. The letter also stated that Plaintiff was determined to be a non-media, non-commercial requester, entitling him to two free hours of search time and up to 100 pages of duplication without charge. *See* Exhibit B.

12.    By correspondence dated May 4, 2018, DEA informed Plaintiff that the material responsive to his request is exempt from disclosure pursuant to FOIA and the Privacy Act. *See* Exhibit C.

13.    By correspondence dated June 5, 2018, the Department of Justice, Office of Information Policy ("OIP"), acknowledged the receipt of an appeal from Plaintiff on May 25, 2018, and noted that the appeal was assigned DOJ-AP-2018-005907.

14.    By correspondence dated August 20, 2018, OIP informed Plaintiff that his appeal was denied.

## DEA's SEARCH for RESPONSIVE RECORDS

15.    DEA searched IRFS by querying NADDIS using the Plaintiff's name. As a result of the query, DEA identified two files responsive to Plaintiff's request.

16.    By memorandum dated February 15, 2018, the FOIA Unit tasked DEA's Miami Division, the office that was identified as having the two case files, with retrieving them and then sending a copy of each file to the FOIA Unit.

17.    DEA's Miami Division notified the FOIA Unit that one of the files, related to the arrest of Plaintiff in 2000, had been destroyed in accordance with the Preservation of Records authority, 28 C.F.R. § 16.48. The second file, related to the criminal case cited in Plaintiff's

January 15, 2018 request, was located and a copy of the file was sent to the FOIA Unit where it was processed.

## ADEQUACY of SEARCH

18.      Plaintiff's request, seeking records related to Plaintiff and/or the criminal case "2:15-cr-00149-SPC-MRM-1" are reasonably likely to be found in the DEA's IRFS, a Privacy Act System of Records that contains all administrative, general, and investigative files compiled by the DEA for law enforcement purposes.  No other records system maintained by the DEA other than IRFS is reasonably likely to contain the records responsive to Plaintiff's request.  Moreover, the records that Plaintiff sought were located based on a search of this record system.

## DEA's DISCLOSURE DETERMINATION

### Justification for Non-Disclosure of Records About Plaintiff Under the Privacy Act Exemption (j)(2)

19.      The investigative records that are responsive to Plaintiff's requests are maintained in the DEA Investigative Reporting and Filing System (IRFS), JUSTICE/DEA-008.  These records are criminal investigatory data compiled for law enforcement purposes.  The information is gathered pursuant to DEA's law enforcement responsibility.

20.      IRFS is a Privacy Act (PA) system of records for which access is denied pursuant to PA Exemption (j)(2) published at 28 C.F.R. § 16.98.  Consistent with PA Exemption (j)(2), the records maintained in IRFS consist of (a) information compiled for the purpose of identifying individual criminal offenders and alleged offenders; identifying data and notations of arrests; and the nature and disposition of criminal charges, sentencing, confinement, release, parole and probation status; (b) information compiled for the purpose of a criminal investigation, including reports of informants and investigators associated with an identifiable individual; or (c) investigatory material compiled for law enforcement purposes.  DEA processes all requests by

individuals for records pertaining to themselves under both the FOIA and PA in order to provide the requester with the maximum disclosure authorized by law.

21.     DEA has promulgated regulations at 28 C.F.R. § 16.98 which exempt IRFS records from the PA's access provisions, as authorized by 5 U.S.C. § 552a(j)(2). Subsection (j)(2) exempts from mandatory disclosure all records maintained by an agency or component performing as its principal function any activity pertaining to the enforcement of criminal laws. DEA is such an agency. Because Plaintiff's request pertained to his criminal investigation, the materials were necessarily compiled for law enforcement purposes. Therefore, DEA determined that the responsive records were exempt under the Privacy Act. Accordingly, DEA next reviewed the records responsive to his request under the provisions of the FOIA.

### Justification for Non-Disclosure of Records About Plaintiff Under the FOIA

### FOIA Exemption (b)(7) Threshold

22.     DEA's investigative jurisdiction derives from the Controlled Substances Act ("The Act"), which authorizes DEA to enforce 21 U.S.C. § 801 *et seq.* through the investigation of incidences involving the trafficking in controlled substances, dangerous drugs, and precursor chemicals. The records responsive to Plaintiff's request pertain to DEA's investigation of him for violation of the Act. Therefore, the information readily meets the threshold requirement of Exemption (b)(7).

### Withholding Pursuant to FOIA Exemption (b)(7)(A)

23.     The FOIA, 5 U.S.C. § 552 (b)(7)(A), sets forth an exemption for records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to interfere with enforcement proceedings.

24.     Application of this exemption requires the existence of law enforcement records; a
pending or prospective law enforcement proceeding; and a reasonable expectation that the
release of information would interfere with the enforcement proceeding.

25.     Exemption 7A was applied to withhold the Plaintiff's criminal file in its entirety, which
consisted of 46 pages.

26.     Plaintiff's criminal case is currently on appeal to the United States Court of Appeals for
the Eleventh Circuit. Therefore, FOIA Exemption 7(A) is fully applicable to the information
contained in the investigatory file.

27.     Release of the information concerning this investigation would be premature in light of
the fact that the appeal stage for the criminal case referenced above has not been completed, the
Court could still reject the sentencing of the criminal defendant, and a trial could resume. The
prosecution would likely use the witness information, leads, and evidence collected and
maintained within the DEA investigatory file. Releasing this information would compromise the
government's investigation by revealing its scope, pace, and direction. In addition, release
would trigger a multitude of harms as described in the subparagraphs below:

        (a)     Suspects and persons of interest would receive investigative details that would
either alert them to efforts directed towards them and/or would allow them to analyze pertinent
information about the investigation. As a result, these individuals would acquire the unique
advantage of knowing certain details about or related to them which could be used to their
advantage to escape prosecution and thwart current investigative efforts by altering or
counteracting evidence, changing behavior, intimidating or physically harming witnesses or law
enforcement officials, and/or flight.

(b)     Once information is released into the public domain, its use and dissemination by third parties is unrestricted. As such, release of these investigative details would allow third parties who are not directly related to this matter to interfere with investigative efforts, appeals and/or potential retrials through harassment, intimidation, and creation of false evidence by dispensing extraneous facts discussed in the investigation. Given the Plaintiff's associates, the threat posed by such harassment and intimidation is very real.

(c)     The release of the withheld investigative details could lead to the identification of sources of information, witnesses, potential witnesses, law enforcement personnel, and individuals otherwise associated with the investigation who could then be targeted for intimidation and/or physical harm. The release of this information would enable individuals and other third parties to uncover the Government's legal strategy in the case.

28.     DEA withheld all 46 pages pursuant to FOIA Exemption 7(A); however, in the event that application of Exemption 7(A), which is temporal in nature, expires, DEA also determined that the material is protected from disclosure by FOIA Exemptions 7(C), 7(D), 7(E), and 7(F). A brief discussion of how each of these exemptions apply to this information is contained below.

**Withholding Pursuant to FOIA Exemption (b)(7)(C)**

29.     The FOIA, 5 U.S.C. § 552 (b)(7)(C), sets forth an exemption for records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. The investigative records processed in response to Plaintiff's FOIA request contain names and other identifying information that would reveal the identity of, and disclose personal information about, individuals who were involved or associated with the Plaintiff, or with a law enforcement investigation, and could subject them to possible harassment, or focus derogatory inferences and suspicion upon them. The individuals

are protected from the disclosure of their identities and information about them. These individuals include third-parties, such as law enforcement personnel, witnesses, suspects, co-defendants and confidential sources of information.

30.     The individuals' privacy interests were balanced against any discernible public interest in disclosure of the individuals' identities. The Plaintiff provided no facts to establish any public interest that would outweigh the privacy interests of the individuals. Thus, disclosure of the identities would be an unwarranted invasion of their personal privacy.

31.     The public interest in disclosure of the information was determined by whether the information in question would inform the Plaintiff or the general public about DEA's performance of its mission to enforce Federal criminal statutes and the Act, or how DEA conducts its internal operations and investigations. In this case, it was determined that there was no legitimate public interest in the information withheld under Exemption (7)(C), and release of any information about a third-party would constitute an unwarranted invasion of that third-party's personal privacy.

## Withholding Pursuant to FOIA Exemption (b)(7)(D)

32.     The FOIA, 5 U.S.C. § 552 (b)(7)(D), sets forth an exemption for records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to reveal the identity of a confidential source or information furnished by a confidential source. Exemption (7)(D) was employed to withhold portions of the report that contained information that would disclose the identity of and the information provided by the confidential source.

33.     Because of the nature of DEA's criminal investigations, any information that could identify an informant could subject them, their family members and associates, to serious harm, substantial repercussions, and possibly even death.

## Withholding Pursuant to FOIA Exemption (b)(7)(E)

34.     The FOIA, 5 U.S.C. § 552(b)(7)(E), sets forth an exemption for records or information compiled for law enforcement purposes if its release would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.

35.     DEA has asserted Exemption 7(E) to withhold information related to Plaintiff's investigation including Geo-Drug Enforcement Program (G-DEP) identifiers and other information. G-DEP identifiers/information are part of the DEA's internal system of developing criminal activity information and intelligence. The release of the G-DEP identifiers/information would help identify priority given to narcotics investigations, types of criminal activities involved, and violator ratings. Suspects could decode this information and, as a result, change their patterns of drug trafficking in an effort to respond to what they determined the DEA knows about them, develop enforcement countermeasures, avoid detection and apprehension, create excuses for suspected activities, and/or create alibis for suspected activities. As such, disclosure of the G-DEP identifiers/information would enable circumvention of the DEA's law enforcement efforts.

36.     DEA also has asserted Exemption 7(E) to withhold information related to Plaintiff's investigations including DEA file numbers, specific information regarding meetings and debriefings with confidential and other sources, as well as related files, NADDIS numbers, acquisition of certain evidence, other identifying information, and material that would reveal sensitive, non-public references to the DEA's Agents Manual, which is not available to the public and would reveal DEA information and law enforcement techniques.

37.     If any of this information were to be released, criminals could restructure their activities to avoid or limit the capabilities of the techniques, thus circumventing the law. Further, release of the information protected here would also undermine the DEA's position in achieving its statutory mission and could put agents and sources at risk of harm.

**Withholding Pursuant to FOIA Exemption (b)(7)(F)**

38.     The FOIA, 5 U.S.C. § 552(b)(7)(F), sets forth an exemption for records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to endanger the life or physical safety of an individual.

39.     DEA Special Agents are frequently called upon to conduct a wide variety of investigations, including sensitive and dangerous undercover operations. Special Agents routinely approach and associate with violators in a covert capacity. Many of those violators are armed, and many have known violent tendencies.

## FORESEEABLE HARM

40.     As described in the previous paragraphs, DEA believes that release of any of the withheld information would trigger foreseeable harm to one or more interests protected by the cited FOIA exemptions. Specifically, release of the information could reasonably be expected to interfere with law enforcement proceedings; result in an unwarranted invasion of personal privacy; result in revealing a confidential source of information; reveal sensitive law enforcement techniques and procedures; and place in jeopardy the lives and safety of third parties.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on May $\underline{9}$, 2019, in Arlington, Virginia

KELLEIGH A. MILLER
Section Chief
Freedom of Information & Records Management Section
Drug Enforcement Administration