UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NORRIS WILLIAMS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 19-0104 (RBW) |
| DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendant. | ) ) | |

# MEMORANDUM OPINION and ORDER

The plaintiff brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552 (2018), to obtain records maintained by the Drug Enforcement Administration ("DEA"), a component of the United States Department of Justice ("DOJ"). This matter is before the Court on the defendant's motion for summary judgment. For the reasons discussed below, the Court grants the defendant's motion in part and denies its motion in part.[1]

## I. BACKGROUND

By letter dated January 15, 2018, the plaintiff submitted to the DEA a request for information pertaining to himself and his criminal case, No. 2:15-cr-00149-SPC-MRM-1, which was prosecuted in the United States District Court for the Middle District of Florida. *See* Plaintiff['s] Motion to Oppose Defendant's Request for Summary Judg[]ment (ECF No. 14,

---

[1] The Court also grants the plaintiff's Motion [t]o [S]upplement Pursuant [t]o Federal Rule of Civil Procedure 15 (ECF No. 19) and considers the additional authority cited therein. However, the plaintiff's Motion to Compel Pursuant to Federal Rule of Civil Procedure 26[](a) (ECF No. 15), Motion to Strike Defendant's Reply to Plaintiff's Motion for Cross Summary Judg[]ment, [a]nd Plaintiff[']s Request [f]or Trial (ECF No. 17), and Motion to Produce Documents Pursuant to Rule 34(a)(1)(A) (ECF No. 18) are denied.

"Pl.'s Opp'n") ¶ 7; *see id.*, Ex. A.[2]  The DEA assigned the request a tracking number, 18-00176-P.  Defendant's Memorandum of Points and Authorities in Support of its Motion for Summary Judgment (ECF No. 12-1, "Def.'s Mem."), Declaration of Kelleigh A. Miller (ECF No. 12-3, "Miller Decl.") ¶ 11.  On May 4, 2018, the DEA notified the plaintiff that a search of its Investigative Reporting and Filing System ("IRFS") located 46 pages of records responsive to his FOIA request and that it was withholding all the records in full under FOIA Exemptions 7(A), (C), (E) and (F).  *See id.* ¶ 12; *see generally* Pl.'s Opp'n, Ex. C.  The plaintiff appealed the DEA's initial determination to DOJ's Office of Information Policy ("OIP"), Miller Decl. ¶ 13, and by letter dated August 20, 2018, the OIP notified the plaintiff that it affirmed the DEA's determination, *id.* ¶ 14; *see* Motion Pursuant to 5 U.S.C. § 552(a)(4)(B) (ECF No. 1, "Compl."), Ex. C.

## II. DISCUSSION

### A. Summary Judgment Standard

The Court may grant summary judgment to a government agency as the moving party if the agency shows that there is no genuine dispute as to any material fact and if it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "Unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter de novo.'"  *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 755 (1989) (quoting 5 U.S.C. § 552(a)(4)(B)).

---

[2]  The Court construes the "Plaintiff['s] Motion to Oppose Defendant's Request for Summary Judg[]ment" (ECF No. 14 at 1-4 (page numbers designated by ECF)), his "Memorandum in Support of Plaintiff['s] Request for Summary Judg[]ment" (ECF No. 14 at 5-9 (page numbers designated by ECF)), and Exhibits A-C together as the plaintiff's opposition to the defendant's summary judgment motion.

The Court may grant summary judgment based on information in an agency's supporting declaration if the declaration is "relatively detailed and nonconclusory[.]" *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978) (footnote omitted) (internal quotation marks omitted). Further, the supporting declaration must "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and [is] not controverted by either contrary evidence in the record []or by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981) (footnote omitted).

### B. The DEA's Search for Responsive Records

An agency "fulfills its obligations under [the] FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011) (citation and internal quotation marks omitted). The agency may submit affidavits or declarations to explain the method and scope of its search, *see Perry v. Block*, 684 F.2d 124, 127 (D.C. Cir. 1982), and such affidavits or declarations are "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents," *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation and internal quotation marks omitted). Here, the defendant's declarant asserts that the DEA's search of its IRFS was the only reasonable means likely to discover responsive documents. *See* Miller Decl. ¶ 18.

The declarant explains that "all DEA law enforcement intelligence and investigative information . . . on an individual, whether in paper or electronic format[,]" is maintained in the IRFS. *Id.* ¶ 6. Because any records "related to an individual's involvement in, or association with, a DEA intelligence operation or civil, criminal, or regulatory investigation" would be

3

maintained in the IRFS, *id.*, DEA staff concluded that records responsive to the plaintiff's FOIA request "are reasonably likely to be found in the . . . IRFS," *id.* ¶ 18.

The Narcotics and Dangerous Drugs Information System ("NADDIS"), "an electronic data index system[,]" is the means by which DEA locates information in the IRFS. *Id.* ¶ 7. A NADDIS search "is a worldwide search for DEA records, including records maintained at field offices[.]" *Id.* ¶ 8. "An individual is indexed and identified in [the] NADDIS by name, Social Security Number, or date of birth." *Id.* ¶ 9. "Based on the input of search terms (such as name, Social Security Number, or date of birth), [the] NADDIS provides an abstract of information, such as an investigative file number, investigative report number, or other record identifier by which to locate any existing IRFS records that are linked to the individual." *Id.* ¶ 7.

The declarant explains that DEA staff queried the NADDIS using the plaintiff's name as a search term. *See id.* ¶ 15. This query identified two files in the DEA's Miami Division responsive to the FOIA request. *See id.* ¶¶ 15-16. One file pertains to the plaintiff's arrest in 2000. *See id.* ¶ 17. The declarant states that this file has been destroyed pursuant to the DEA's record retention policy. *See id.* The second file pertains to the criminal case identified by the plaintiff in his FOIA request, and the documents contained therein were reviewed by staff in the DEA's FOIA Unit. *Id.* The declarant avers that "[n]o other records system maintained by the DEA other than IRFS is reasonably likely to contain . . . records responsive to [the] [p]laintiff's [FOIA] request." *Id.* ¶ 18. The plaintiff raises no objection to the scope or method of the DEA's search. And, based on the DEA's supporting declaration, the Court concludes that the agency's search was reasonable in the circumstances of this case.

### C. FOIA Exemption 7

#### 1. Law Enforcement Records

Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that disclosure of such records would cause an enumerated harm. 5 U.S.C. § 552(b)(7); *see FBI v. Abramson*, 456 U.S. 615, 622 (1982). "To show that [] documents were compiled for law enforcement purposes, the [agency] need only establish a rational nexus between the investigation and one of the agency's law enforcement duties and a connection between an individual or incident and a possible security risk or violation of federal law." *Blackwell v. FBI*, 646 F.3d 37, 40 (D.C. Cir. 2011) (citations and internal quotation marks omitted).

The declarant explains that the "DEA's investigative jurisdiction derives from the Controlled Substances Act ('the Act'), which authorizes [the] DEA to enforce 21 U.S.C. § 801 *et seq*. through the investigation of incidences involving the trafficking in controlled substances, dangerous drugs, and precursor chemicals." Miller Decl. ¶ 22; *see id*. ¶ 19. She further explains that the records responsive to the plaintiff's FOIA request "pertain to [the] DEA's investigation of him for violation of the Act." *Id*. ¶ 22. Accordingly, the DEA has demonstrated that the responsive records were compiled for law enforcement purposes and that they fall within the scope of Exemption 7.

#### 2. FOIA Exemption 7(A)

FOIA Exemption 7(A) protects "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information [] could reasonably be expected to interfere with enforcement proceedings[.]" 5 U.S.C. § 552(b)(7)(A). The exemption is designed "to prevent disclosures which might

prematurely reveal the government's cases in court, its evidence and strategies, or the nature, scope, direction, and focus of its investigations, and thereby enable suspects to establish defenses or fraudulent alibis or to destroy or alter evidence." *Maydak v. U.S. Dep't of Justice,* 218 F.3d 760, 762 (D.C. Cir. 2000) (citing *Nat'l Labor Relations Bd. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 241–42 (1978)).

Both parties represent that there are proceedings currently pending in the plaintiff's criminal case. *See* Compl. at 3; Miller Decl. ¶ 26. The DEA relies on Exemption 7(A) to withhold the plaintiff's criminal file in its entirety, Miller Decl. ¶ 25, and its declarant explains:

> Release of the information concerning this investigation would be premature in light of the fact that the appeal stage for the criminal case referenced above has not been completed, the Court could still reject the sentencing of the criminal defendant, and a trial could resume. The prosecution would likely use the witness information, leads, and evidence collected and maintained within the DEA investigatory file. Releasing this information would compromise the government's investigation by revealing its scope, pace, and direction.

*Id*. ¶ 27.

If, as the parties assert, the plaintiff's post-conviction proceedings are currently pending resolution, the DEA may rely on Exemption 7(A) to withhold the relevant records by "demonstrat[ing] that disclosure of the materials (1) could reasonably be expected to interfere with (2) enforcement proceedings that are (3) pending or reasonably anticipated." *Poitras v. Dep't of Homeland Sec.*, 303 F. Supp. 3d 136, 157 (D.D.C. 2018) (citations and internal quotation marks omitted). To this end, the DEA's declarant identifies "a multitude of harms" which likely would result upon release of the responsive records. Miller Decl. ¶ 27. First, the declarant states that "[s]uspects and persons of interest would receive investigative details that would either alert them to efforts directed towards them [] or would allow them to analyze

pertinent information about the investigation[,]" which they could use "to escape prosecution and thwart current investigative efforts[.]" *Id*. ¶ 27(a). If the DEA were to release the information, the declarant also states that the information would be available to third parties, such as the plaintiff's associates, who could "interfere with investigative efforts, appeals[,] and/or potential retrials through harassment, intimidation, and creation of false evidence by dispensing extraneous facts discussed in the investigation." *Id*. ¶ 27(b). Lastly, the declarant explains that "release of the withheld investigative details could lead to identification of sources of information, witnesses, potential witnesses, law enforcement personnel, and [others] who could then be targeted for intimidation and/or physical harm." *Id*. ¶ 27(c). These concerns are legitimate bases for invoking Exemption 7(A), and absent the plaintiff's showing to the contrary, the DEA's position is proper.

Notwithstanding the declarant's representation that the "[p]laintiff's criminal case is currently on appeal to the United States Court of Appeals for the Eleventh Circuit," *id*. ¶ 26, and the plaintiff's assertion that "his case . . . [is an] open case pending before the courts," Compl. at 3, materials in the record of this FOIA action suggest that both matters have concluded. The plaintiff submits as an attachment to his complaint the Opinion and Order of the United States District Court for the Middle District of Florida which references the Eleventh Circuit's mandate regarding its decision affirming the plaintiff's conviction and sentence, *see id*., Ex. D at 2, a matter of public record, *see United States v. Williams*, 718 F. App'x 890 (11th Cir. 2017) (per curiam). Furthermore, the plaintiff acknowledges that his "case was closed and finalized when the Supreme Court denied cert[iorari] review on April 30, 2018." Pl.'s Opp'n at 2; *see Williams v. United States*, 138 S. Ct. 1709 (2018). It is also a matter of public record that the plaintiff's post-conviction motion for a new trial has been denied. *See United States v. Williams*, 779 F.

7

App'x 601 (11th Cir. 2019) (per curiam) (concluding that the sentencing court did not abuse its discretion by denying without an evidentiary hearing the plaintiff's motion for a new trial under Federal Rule of Criminal Procedure 33(b) based on alleged *Brady* violations).

"Exemption 7(A) is temporal in nature" and "reliance on [it] may become outdated when the proceeding at issue comes to a close." *Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, 746 F.3d 1082, 1097 (D.C. Cir. 2014) (citations omitted).  Recognizing that Exemption 7(A)'s protections might expire, the DEA argues in the alternative that Exemptions 7(C), (D), (E), and (F) apply.  *See* Miller Decl. ¶ 28.  Thus, if Exemption 7(A) no longer applies, and if the Court were to consider the DEA's alternate bases for withholding information, summary judgment must be denied in part.

### 3. FOIA Exemptions 7(C), 7(D), 7(E), and 7(F)

Based on the Court's review of the DEA's supporting declaration, it appears that the agency's decision to withhold the names of and other identifying information about law enforcement personnel, witnesses, suspects, co-defendants and confidential sources appearing in the investigative records deemed responsive to the plaintiff's FOIA request, *see* Miller Decl. ¶ 29, is appropriate.  The DEA's declarant explains that disclosure of such identifying information could subject these third parties "to possible harassment, or [] derogatory inferences and suspicion upon them." *Id*.  The DEA identifies no public interest to outweigh the third parties' privacy interest.  *See id*. ¶¶ 30-31.

The District of Columbia Circuit has held "categorically that, unless access to the names and addresses of private individuals appearing in files within the ambit of Exemption 7(C) is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity, such information is exempt from disclosure." *SafeCard Servs.*, 926 F.2d at 1206.  The

plaintiff proposes that the DEA redact the records in order to protect personal information and provide the redacted records to him.  Pl.'s Opp'n at 8.  The plaintiff's suggestion is a reasonable and practical proposal, and it brings to light deficiencies in the DEA's supporting declaration.  Therefore, if the Court were to consider the DEA's current explanations for withholding information under Exemptions 7(D), (E) and (F), summary judgment would not be warranted.

For example, Exemption 7(D) protects information in law enforcement records which "could reasonably be expected to disclose the identity of a confidential source . . . [who] furnished information on a confidential basis[.]"  5 U.S.C. § 552(b)(7)(D).  The DEA's declarant relies on Exemption 7(D) to protect the identity of and information provided by a confidential source, *see* Miller Decl. ¶ 32, on the ground that disclosure "could subject them, their family members and associates, to serious harm, substantial repercussions, and possibly even death[,]" *id*. ¶ 33.  While these potential harms are serious, the declaration offers no factual basis from which the Court can conclude that the source provided information to the DEA under either an express or implied assurance of confidentiality.  Similarly, the DEA's supporting declaration offers only a vague and insubstantial excuse for withholding information under Exemption 7(F), *see* Miller Decl. ¶ 39, which fails to demonstrate that disclosure of information about DEA Special Agents "could reasonably be expected to endanger the life or physical safety of any individual," 5 U.S.C. § 552(b)(7)(F).

Also lacking is an adequate justification for the DEA's reliance on Exemption 7(E), which protects information in law enforcement records if their release "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."  5 U.S.C. § 552(b)(7)(E).  In this Circuit, certain

information the DEA has withheld[,] namely G–DEP codes and NADDIS numbers, ordinarily is protected under Exemption 7(E).  *See McKneely v. U.S. Dep't of Justice*, 132 F. Supp. 3d 44, 55 (D.D.C. 2015) (noting that the "DEA's redaction of G–DEP codes and NADDIS numbers from records responsive to FOIA requests has been routinely upheld" under Exemption 7(E)), *aff'd sub nom. McKneely v. DEA*, No. 15-5317, 2016 WL 3040985 (D.C. Cir. May 5, 2016); *Higgins v. U.S. Dep't of Justice*, 919 F. Supp. 2d 131, 151 (D.D.C. 2013) (withholding G–DEP codes and NADDIS numbers under Exemption 7(E)).  However, the DEA's explanation for withholding other information, "including DEA file numbers, specific information regarding meetings and debriefings with confidential and other sources, as well as related files," Miller Decl. ¶ 36, is insufficient.

Finally, the DEA's declaration does not address segregability, even though "non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions."  *Wilderness Soc'y v. U.S. Dep't of Interior*, 344 F. Supp. 2d 1, 18 (D.D.C. 2004) (quoting *Mead Data Cent., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977)).  It is apparent that the DEA has not released any responsive records to the plaintiff.  Thus, if Exemption 7(A) no longer applies, the DEA neither has demonstrated that the responsive records have been properly withheld in their entirety, nor that it has released all reasonably segregable information.

### III. CONCLUSION

The DEA has established that its search for records responsive to the plaintiff's FOIA request was reasonable.  Moreover, it appears that Exemption 7(A) may no longer apply, and if this is so, the DEA has not adequately justified its decisions to withhold information under FOIA

Exemptions 7(A), (C), (D), and (E).  Additionally, the DEA has not demonstrated that it has released all reasonably segregable information to the plaintiff.

Accordingly, it is hereby

ORDERED that the Defendant's Motion for Summary Judgment [12] is GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE; it is

FURTHER ORDERED that the plaintiff's Motion [t]o [S]upplement Pursuant [t]o Federal Rule of Civil Procedure 15 [19] is GRANTED; it is

FURTHER ORDERED that the plaintiff's Motion to Compel Pursuant to Federal Rule of Civil Procedure 26[](a) [15], Motion to Strike Defendant's Reply to Plaintiff's Motion for Cross Summary Judg[]ment, [a]nd Plaintiff's Request [f]or Trial [17], and Motion to Produce Documents Pursuant to Rule 34(a)(1)(A) [18] are DENIED; and it is

FURTHER ORDERED that, by February 21, 2020, the defendant either shall release all responsive records to the plaintiff in full, or shall file a renewed summary judgment motion regarding its compliance with the FOIA.

SO ORDERED this 8th day of January 2020.

/s/
REGGIE B. WALTON
United States District Judge