UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NORRIS WILLIAMS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. A. No. 19-104 (RBW) |
| U.S. DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant United States Department of Justice, by and through undersigned counsel, respectfully moves for summary judgment on Plaintiff's cause of action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, because there is no genuine issue of material fact, and Defendant is entitled to a judgment as a matter of law.  In support of this motion, Defendant submits the accompanying Statement of Material Facts as to Which There is No Genuine Dispute, Memorandum of Points and Authorities, Declaration of Angela D. Hertel, and *Vaughn* index.

Plaintiff, who is proceeding *pro se*, should take notice that any factual assertions contained in the documents in support of this motion will be accepted by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the documents.  *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); Fed. R. Civ. P. 56(e); LCvR 7.1.

Dated: May 24, 2021

        Respectfully submitted,

        CHANNING D. PHILLIPS, D.C. BAR # 415793
        Acting United States Attorney

        BRIAN P. HUDAK
        Acting Chief, Civil Division

        By: */s/ John Moustakas*
        John Moustakas, D.C. Bar #442076
        Assistant United States Attorney
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        (202) 252-2518
        john.moustakas@usdoj.gov

        *Counsel for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NORRIS WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, )<br>)<br>Defendant. )<br>) | Civil Action No. 19-0104 (RBW) |

**DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Defendant United States Department of Justice, by and through undersigned counsel, hereby submits the following statement of material facts as to which there is no genuine dispute in support of Defendant's motion for summary judgment in this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

1. On January 15, 2018, Plaintiff, Norris Williams, submitted a request letter to the Drug Enforcement Administration ("DEA"). Plaintiff sought "a full copy" of DEA's file related to Plaintiff and/or the "Criminal Case 2:15-cr-00149-SPC-MRM-1." *See* the Declaration of Kelleigh A. Miller ("Miller Decl.")(ECF No. 12-3).

2. The DEA acknowledged receipt of the request on February 15, 2018 and assigned it case number 18-00176-P. *Id*.

3. The original search for records resulted in identifying and processing 45 pages. On May 4, 2018, the 45 pages were withheld in full pursuant to Exemption 7(A) because Plaintiff's appeal of his criminal conviction was open. *Id*.

4. On January 8, 2020, the Court issued an Opinion and Order that held that it appeared Exemption 7(A) no longer applied because Plaintiff's appeal of his criminal conviction had been denied. The Court ordered DEA to re-process the 45 pages.

5. Upon reprocessing the pages, DEA's FOIA Unit discovered that additional records had not been sent to DEA's FOIA Unit from the Division that held the responsive case file. A copy of the entire file was then retrieved and processed. In total, DEA released 84 pages in full, partially released 192 pages, withheld 59 pages in full, and withheld 6 audio/video files pursuant to Exemptions 6, 7(C), 7(D), 7(E), and 7(F). *See* the Declaration of Angela D. Hertel ("Hertel Decl.") (attached hereto as Exhibit 1).

6. In responding to Plaintiff's FOIA request DEA searched the DEA Investigative Reporting and Filing System ("Investigative System"), a comprehensive DEA Privacy Act System of Records database containing "all administrative, general, and criminal investigative files compiled by DEA for law enforcement purposes." Hertel Decl. ¶ 6.

7. The information sought in Plaintiff's FOIA request was reasonably likely to be found in the Investigative System given the type of information stored inside the database. *Id.*

8. Further, it was also reasonably unlikely a DEA records system other than the Investigative System would contain records related to Plaintiff's FOIA request. *See id.*

9. The Investigative System is the only records system maintained by DEA that is likely to contain records responsive to Plaintiff's request. *See id.* ¶ 9.

10. DEA withheld under Exemptions 6 and 7(C) names, phone numbers, and addresses, among other sensitive and personal information. *See id.* ¶¶ 28-30.

11.     DEA determined that some of the information requested by Plaintiff fell into Exemption 7(D) because confidential sources were involved in the investigation and provided information related to Plaintiff's illegal activities. *See* Hertel Decl. ¶ 32.

12.     DEA withheld under Exemption 7(E) some information requested by Plaintiff because the information contained Geo-Drug Enforcement Program identifiers and other information related to internal DEA procedures such as "DEA file numbers, specific information regarding meetings and debriefings with confidential and other sources, Narcotics System numbers, acquisition of certain evidence, other identifying information, and material that would reveal sensitive, non-public references to the DEA's Agents' Manual." *See* Hertel Decl. ¶¶ 39-40.

13.     DEA withheld information contained in various DEA Forms and other law enforcement pursuant to exemption 7(F). *See* Hertel Decl. ¶ 44. The requested information included "names of DEA Special Agents, other law enforcement personnel, and names of individuals involved in criminal investigations[.]" *Id.* ¶ 45.

14.     DEA has exempted records within the Investigative System from disclosure under the Privacy Act. *See* Hertel Decl. ¶¶ 20-22; Investigative System, System of Records Notice, 77 Fed. Reg. 21,808, 21,811 (Apr. 11, 2012).

15.     In this case, each page processed was examined to determine whether there was any reasonably segregable information that could be released, and the agency acted on the conclusion of that assessment. *See* Hertel Decl. ¶51.

Dated: May 24, 2021

                                              Respectfully submitted,

                                              CHANNING D. PHILLIPS, D.C. BAR # 415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: */s/ John Moustakas*
John Moustakas, D.C. Bar #442076
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2518
john.moustakas@usdoj.gov

*Counsel for Defendant*

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORRIS WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, )<br>)<br>Defendant. )<br>) | Civil Action No. 19-0104 (RBW) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant United States Department of Justice, and specifically its component the Drug Enforcement Administration ("DEA"), by and through undersigned counsel, respectfully submits this Memorandum of Points and Authorities in Support of Its Motion for Summary Judgment. As required, Defendant conducted a search reasonably calculated to produce responsive records to Plaintiff's subject Freedom of Information Act ("FOIA") and the Privacy Act, 5 U.S.C. § 552a requests. Because no material facts are in dispute and Defendant has properly fulfilled its obligations under FOIA and the Privacy Act by conducting a reasonable search and determining that no segregable material may be released, Defendant is entitled to judgment as a matter of law and respectfully requests that the Court enter summary judgment in its favor.

## STANDARD OF REVIEW

### A. Rule 56 Motion for Summary Judgment

When no genuine dispute exists as to any material fact, summary judgment is required. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. *Id.* at 247. "The burden on the moving party

may be discharged by 'showing'—that is, pointing out to the [Court]—that there is an absence of evidence to support the non-moving party's case." *Sweats Fashions, Inc. v. Pannill Knitting Co., Inc.*, 833 F.2d 1560, 1563 (Fed. Cir. 1987). Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment here, the Plaintiff (as the non-moving party) must present some objective evidence that would enable the Court to find he is entitled to relief.

In *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986), the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute.. In *Anderson* the Supreme Court further explained that "the mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff." *Anderson*, 477 U.S. at 252; *see also Laningham v. Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor). In *Celotex*, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

B. **Summary Judgment in FOIA Cases**

"FOIA cases are typically and appropriately decided on motions for summary judgment." *DeSilva v. Dep't of Housing & Urban Dev.*, 36 F. Supp. 3d 65, 69 (D.D.C. 2014); *see also* 5 U.S.C. § 552(a)(4)(B). For purposes of summary judgment in a FOIA matter, an agency's

decision to withhold information from a FOIA requester is subject to *de novo* review by the courts. *Steinberg v. Dep't of Just.,* 23 F.3d 548, 551 (D.C.Cir.1994); *Hayden v. Nat'l Sec. Agency Cent. Sec. Serv.*, 608 F.2d 1381, 1384 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980). In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and, if applicable, that each document that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure. *Students Against Genocide v. Dept. of State*, 257 F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. Dep't of Just.*, 627 F.2d 365, 368 (D.C. Cir. 1980).

An agency satisfies the summary judgment requirements in a FOIA case by providing affidavits or declarations and other evidence which show that the documents in question were produced or are exempt from disclosure. *Hayden v. NSA*, 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979); *Church of Scientology v. Dep't of Army*, 611 F.2d 738, 742 (9th Cir. 1980); *Trans Union LLC v. FTC*, 141 F. Supp. 2d 62, 67 (D.D.C. 2001) (summary judgment in FOIA cases may be awarded solely on the basis of agency affidavits "when the affidavits describe the documents and the justifications for non- disclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.") (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)); *see also Pub. Citizen Inc. v. Dep't of State*, 100 F. Supp. 2d 10, 16 (D.D.C. 2000), *aff'd in part, rev'd in part*, 276 F.3d 634 (D.C. Cir. 2002).

## **ARGUMENT**

Plaintiff requests that Defendant be compelled to provide requested records in this action. *See generally* Plaintiff's Complaint ("Pl.'s Compl.") These claims fail as a matter of law.

Defendant conducted an adequate search for responsive records, produced all releasable records, and reviewed the records for segregability. Accordingly, Defendant is entitled to summary judgment.

A.     **The DEA Conducted an Adequate Search**

The search conducted by the DEA was an adequate search because it amounted to a good faith effort and is supported by a detailed declaration from an experienced DEA employee. When determining whether an agency's search was adequate, the inquiry is "guided by principles of reasonableness." *Dugan v. Dep't of Just.*, 82 F. Supp. 3d 485, 494 (D.D.C. 2015) (holding ATF conducted an adequate search because affidavits provided a detailed description of filing systems and search methods). A search is adequate when it is shown "beyond material doubt" that an agency conducted a search "reasonably calculated to uncover all relevant documents." *See Weisberg*, 705 F.2d at 1351 (holding search adequate even though no records revealed because agent consulted with colleagues about potential locations of records).

Declarations or affidavits may be used to satisfy the beyond material doubt requirement so long as the declaration is "sufficiently detailed" in the information it provides. *See Schotz v. Samuels*, 72 F. Supp. 3d. 81, 87 (D.D.C. 2014) (citing *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 838 (D.C. Cir. 2001)) (finding search adequate because the declaration explained the search of a person's central file was likely to provide relevant documents). A declaration may be deemed sufficiently detailed when it provides items such as search terms used, type of search performed, and when it states all likely locations were searched. *See Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995) (quoting *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)) (finding the search adequate because agency affidavits provided detailed information about record-keeping systems).

Here, DEA performed an adequate search for two reasons, 1) DEA searched all areas reasonably likely to contain the requested information and 2) the search conducted is supported by a valid declaration. In responding to Plaintiff's FOIA request DEA searched the DEA Investigative Reporting and Filing System ("Investigative System"), a comprehensive DEA Privacy Act System of Records database containing "all administrative, general, and criminal investigative files compiled by DEA for law enforcement purposes." Declaration of Angela Hertel ("Hertel Decl.") ¶ 6. Like in *Schotz*, where the court found the search adequate because the Bureau of Prisons affidavit explained the record-keeping system in detail and stated the central file was reasonably likely to reveal all the requested information, here DEA's Declaration describes the system DEA searched in detail and how said system was reasonably likely to reveal Plaintiff's requested information. *See id.* ¶ 9. The information sought in Plaintiff's FOIA request was reasonably likely to be found in the Investigative System given the type of information stored inside the database. *See id.* Further, it was also reasonably unlikely a DEA records system other than the Investigative System would contain records related to Plaintiff's FOIA request. *See id.*

The Hertel Declaration adequately describes the search. Ms. Hertel, the Unit Chief of the Freedom of Information/Privacy Act Legal and External Affairs Unit, oversees the processing of requests to DEA under the FOIA, 5 U.S.C. § 552. *Id*. ¶¶ 1-2. She is well qualified to provide information regarding the policies and practices of DEA related to search, process, and disclosure of DEA information under the FOIA and the Privacy Act. *Id*. The Declaration describes in detail what the Investigative System is and how the DEA searches the Investigative System using the DEA Narcotics and Dangerous Drugs Information System ("Narcotics

5

System"). *See id.* ¶¶ 6-9. The Investigative System is the only records system maintained by DEA that is likely to contain records responsive to Plaintiff's request. *See id.* ¶ 9.

Unlike in *Oglesby*, where the court reversed a summary judgment because the government affidavits did not include details such as search terms used or search methods used, here the Declaration includes the search terms used within the Narcotics System to obtain results such as name, Social Security number, and date of birth. Furthermore, DEA's records associated with Plaintiff's criminal prosecution were located and processed after the successful search. *Id*. While the DEA Division that maintained the file originally failed to send the entire file, the mistake was uncovered by the FOIA Unit and the entire file was eventually processed. *See id.* ¶¶ 12-15. By stating where and how DEA retrieved the information provided, the Declaration has provided sufficient details to show DEA satisfied its obligations to conduct an adequate search responsive to Plaintiff's FOIA request.

Therefore, the search conducted by DEA was adequate as it amounts to a good faith effort to search a system reasonably likely to reveal the documents requested by Plaintiff and the Declaration is sufficiently detailed.

**B.  The Court Should Grant Summary Judgment in Favor of Defendant Because the DEA Properly Applied the Statutory Exemptions Listed.**

DEA has applied FOIA Exemption 6, 7(C), 7(D), 7(E), and 7(F). The Court should grant summary judgment in Defendant's favor because DEA properly applied those statutory exemptions as demonstrated below and in the accompanying declaration and *Vaughn* index.

**1.     Exemption 6:  Privacy Interests in Non-Law Enforcement Records**

Exemption 6 protects from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). "To invoke Exemption 6, an agency's explanation 'must show that the

documents come from the type of files that are statutorily protected, and must also show that, on balance, the public interest in disclosure does not outweigh the personal privacy interest of the individual who is the subject of the file.'" *Burnett v. DEA*, Civ. A. No. 19-0870 (CJN), 2021 WL 1209142, at *4 (D.D.C. Mar. 31, 2021) (quoting *Allen v. Dep't of Def.*, 658 F. Supp. 15, 21 (D.D.C. 1986) (citing *Dep't of Air Force v. Rose*, 425 U.S. 352, 372, (1976))).

Here, DEA conducted the proper balancing for all the information resulting from the search. When the agency reviewed the files, "[t]he individuals' privacy interests were balanced against any discernible public interest." Hertel Decl. ¶ 26. In the Complaint "Plaintiff provided no facts to establish any public interest that would outweigh the privacy interests of the [third party] individuals" whose information is found in the records. *Id*. When evaluating the public interest, DEA looked at "whether the information in question would inform the Plaintiff or the general public about DEA's performance of its mission to enforce Federal criminal statutes and the Act." *Id*. ¶ 27. After review, the agency determined no legitimate public interest existed and therefore the information should be withheld because it risked an unwarranted invasion of privacy by disclosing names, phone numbers, addresses, and numerous other pieces of sensitive and personal information. *Id*. ¶¶ 28-30.[1]

### 2. **Exemption 7**

DEA's application of FOIA Exemptions 7(C) to (F) each share the threshold requirement that the "records or information [have been] compiled for law enforcement purposes." 5 U.S.C.

---

[1] In connection with the final review of Defendant's moving papers, undersigned counsel discovered that a page of Plaintiff's indictment was produced subject to redaction of the Grand Jury foreperson's signature pursuant to Exemptions 6, 7(C). *See* Exhibit A (*Vaughn* index), Pages 162; 165-66. Because the indictment that appears on the docket in *United States of America v. Williams*, Civ. A. No. 15-0149 (M.D. Fla. 2015) includes the foreperson's signature, Defendant hereby releases a copy of the entire publicly-filed indictment from which a single page was redacted. *See* Exhibit B. All other redactions described in the page-rage in the *Vaughn* index remain intact.

§ 552(b)(7). DEA is a quintessential law enforcement agency. *See* Hertel Decl. ¶ 4. All of the records generated by Plaintiff's requested search are criminal law enforcement records maintained in the DEA Investigative System, which is the repository of :all DEA law enforcement intelligence and investigative information that is maintained on any individual, whether in paper or electronic format." *Id.* ¶ 5. When "the agency's principal function is law enforcement, we are 'more deferential' to the agency's claimed purpose for the particular records." *Pub. Emps. For Env't Responsibility ("PEER") v. U.S. Section, Int'l Boundary & Water Comm'n, U.S.-Mex.*, 740 F.3d 195, 203 (D.C. Cir. 2014). The records in this case meet the Exemption 7 threshold.

        a.     Exemption 7(C): Privacy Interests in Law Enforcement Records

Exemption 7(C) covers law enforcement records (as opposed to personnel, medical and similar files) that "could reasonably be expected to constitute an unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(7)(C), as distinct from the higher standard applicable to non-law enforcement records under Exemption 6 ("clearly unwarranted"). When evaluating an agency's invocation of Exemption 7(C), the Court generally defers to the agency's claim that the information is compiled for law enforcement purposes, *PEER*, 740 F.3d at 203, and examines whether the agency has sufficiently demonstrated that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(7)(C).

As with the analysis Exemption 6, DEA determined that the public interest did not outweigh the privacy interests because the information contained information such as names, phone numbers, and addresses, among other sensitive and personal information. *See id.* ¶¶ 28-30. DEA weighed the public interest against the private interest in determining whether disclosure was subject to an exemption. *See* Hertel Decl. ¶ 25. Because the privacy interests

8

there trumped any public ones under the Exemption 6's higher "clearly unwarranted invasion of privacy" standard, they necessarily meet the lower standard under Exemption 7(C).

        b.        <u>Exemption 7(D):  Confidential Sources</u>

Exemption 7(D) prevents the release of information that "could reasonably be expected to disclose the identity of a confidential source." 5 U.S.C. § 552(b)(7)(D). Here, DEA determined that some of the information requested by Plaintiff fell into that category because confidential sources were involved in the investigation and provided information related to Plaintiff's illegal activities. *See* Hertel Decl. ¶ 32. Information provided during a criminal investigation is inherently sensitive and must be afforded protection to ensure that cooperating private citizens will not be subjected to harassment and will continue to cooperate. *See, e.g.*, *Gula v. Meese*, 699 F. Supp. 956, 960 (D.D.C. 1988). "The nature of the crime investigated and informant's relation to it are the most important factors in determining whether implied confidentiality exists." *Amuso v. Dep't of Just.*, 600 F. Supp. 2d 78, 100 (D.D.C. 2009). Plaintiff was convicted of drug trafficking (heroin). Hertel Decl. ¶ 9.[2] The "violence and risk of retaliation attendant to drug trafficking warrant an implied grant of confidentiality to a source who provides information to investigators." *Lasko v. Dep't of Just.*, 684 F. Supp. 2d 120, 134 (D.D.C. 2010).

DEA determined that "confidentiality was either express or implied for the sources of information" and acted under the presumption that those individuals would not have provided helpful information unless they believed their information would be kept confidential. *See* Hertel Decl. ¶ 32. Release of this information could jeopardize DEA operations and could subject confidential sources, or their family members, to serious harm, reprisal, and even death.

---

[2]    Specifically, Plaintiff arrested for and convicted of multiple drug offenses involving heroin, including possession with intent to distribute one kilogram or more of heroin under 21 U.S.C. §§ 841(a0(1), (b)(1)(A)(i).  As to that charge alone, Plaintiff was sentenced to 360 months' imprisonment. *See United States of America v. Williams*, Crim. No. 15-0149 (M.D. Fla. Filed Oct. 30, 2020), Opinion & Order (ECF No. 146),

*See id.* ¶ 34. Exemption 7(D) is designed to prevent sources from "drying up" because of a fear of disclosure. *See, e.g., Shaw v. FBI*, 749 F.2d 58, 61 (D.C. Cir. 1984); *Lesar v. Dep't of Just.*, 636 F.2d 472, 492 (D.C. Cir. 1980).

        c.        Exemption 7(E):  Law Enforcement Procedures and Techniques

Exemption 7(E) prevents the release of information that "would disclose techniques and procedures for law enforcement investigations or prosecutions . . . if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). DEA withheld some information requested by Plaintiff because the information contained Geo-Drug Enforcement Program identifiers and other information related to internal DEA procedures such as "DEA file numbers, specific information regarding meetings and debriefings with confidential and other sources, Narcotics System numbers, acquisition of certain evidence, other identifying information, and material that would reveal sensitive, non-public references to the DEA's Agents' Manual." *See* Hertel Decl. ¶¶ 39-40. DEA was concerned that criminals would be able to use this information to "restructure their activities to avoid or limit the capabilities of the techniques" and "change their pattern of activity to avoid detection, apprehension, or create alibis for suspected activities, etc." *See id.* ¶ 41. The Declaration makes clear that DEA reviewed the requested information, concluded that the information discovered during the search amounted to items that disclosed internal agency processes, and accordingly withheld them in compliance with the exemption. *See id.* Those actions were eminently justified.

        d.        Exemption 7(F):  Endangerment

Exemption 7(F) prevents the release of information that "could reasonably be expected to endanger the life or physical safety of an individual." 5 U.S.C. § 552(b)(7)(F). DEA withheld information contained in various DEA Forms and other law enforcement pursuant to exemption

10

7(F).  *See* Hertel Decl. ¶ 44.  The requested information included "names of DEA Special Agents, other law enforcement personnel, and names of individuals involved in criminal investigations[.]"  *Id*. ¶ 45.  DEA determined that it would be reasonable to conclude that releasing this information would subject the persons identified to harassment, reprisal or physical retaliation.  *See id.* ¶ 47.  It is well-established that law enforcement officials investigating drug activity may be subject to physical harm, the danger of which can only be heightened when their identities are revealed.  *See Albuquerque Pub. Co. v. Dep't of Just.*, 726 F. Supp. 851, 858 (D.D.C. 1989); *Rodrequez v. U.S. Postal Serv.*, Civ. A. No. 90-1886, 1991 WL 212202, at *7 (D.D.C. Oct. 2, 1991); *Housley v. FBI*, Civ. A. No. 87-2579, 1988 WL 30751, at *3 (D.D.C. 1988).

C. **Privacy Act Exemption (j)(2).**

Title 5 U.S.C. § 552a lists numerous exemptions allowing information to be withheld with exemption (j)(2) allowing the agency to withhold "material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals."  5 U.S.C. § 552a(j)(2).  Courts have found withholding information under this exemption valid "so long as the document in question was located in a system of records that has been properly exempted from the disclosure provisions of the Privacy Act."  *Mobley v. CIA*, 924 F. Supp. 2d 24, 67 (D.C. Cir. 2013) (finding FBI withholding of information valid because FBI promulgated regulation exempting records in Central Records System from disclosure under Privacy Act).

As was dispositive in *Mobley*, an agency regulation—here, 28 C.F.R. § 16.98—exempts DEA records within the Investigative System from disclosure under the Privacy Act.  *See* Hertel Decl. ¶¶ 20-22; Investigative System, System of Records Notice, 77 Fed. Reg. 21,808, 21,811

(Apr. 11, 2012). The information sought by Plaintiff was contained in the Investigative System. *Id.* Consequently, it is subject to withholding. *See id.*

**D.      Segregability and Foreseeable Harm**

FOIA requires that "any reasonably segregable portion of a record" be released "after deletion of the portions which are exempt" under the Act's exemptions. Moreover, the FOIA Improvement Act of 2016 addressed segregability requirements, directing that agencies shall "consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible." *See* 5 U.S.C. § 552(a)(8)(A)(ii).

In this case, each page processed was examined to determine whether there was any reasonably segregable information that could be released, and the agency acted on the conclusion of that assessment. *See* Hertel Decl. ¶ 51. As a result of that assessment, certain records were withheld in full and others were released subject to redactions. *Id.* Entitled to a presumption that it complied with the obligation to disclose reasonably segregable material—a fact corroborated by the nature of its releases—the agency has met its burden. *See Sussman* v. *U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007).

DEA also considered whether any records or portions thereof determined to be exempt should, nonetheless, be released because harm from their publication is not reasonably foreseeable. Because of the stakes at issue, it properly determined that it could not. *See* Hertel Decl. ¶ 52.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant this motion for summary judgment.

Date: May 24, 2021

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: */s/ John Moustakas*
John Moustakas, D.C. Bar #442076
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2518
john.moustakas@usdoj.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that service of the foregoing Motion has been made by first-class mail on May 24, 2021, to:

NORRIS WILLIAMS
R33221-018
FCI COLEMAN MEDIUM
P.O. Box 1032
Coleman, FL 33521-1032

*Pro se* Plaintiff

/s/   John Moustakas
John Moustakas
Assistant United States Attorney

13