UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NORRIS WILLIAMS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 19-0104 (RBW) |
| DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment, ECF No. 33.  The Court advises the plaintiff that, pursuant to Local Civil Rule 7(b), "[w]ithin [fourteen] days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion."  In Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), the District of Columbia Circuit held that this Court must inform pro se litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion."  Id. at 456 (internal quotation and citation omitted).  In relevant part, Federal Rule of Civil Procedure 56(c) states:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A)   citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B)   showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Thus, parties opposing a motion for summary judgment must rebut the moving party's affidavits with other affidavits, other sworn statements, or documentary evidence.  See id.

This Order serves to satisfy the Court's obligation to advise the plaintiff of the consequences of failing to respond to the defendant's motion.  If the plaintiff does not respond in a timely manner to this Order by (1) filing a memorandum in opposition to the defendant's motion, in which he responds to each of the arguments raised by the defendant in its motion, or (2) filing a request for an extension of time in which to respond to the defendant's motion, the Court may enter judgment in favor of the defendant if the "Court satisfies itself that the record and any undisputed material facts justify granting summary judgment."  Winston & Strawn, LLP v. McLean, 843 F.3d 503, 507 (D.C. Cir. 2016) (citing Fed. R. Civ. P. 56(e)(3)).  Accordingly, it is hereby

**ORDERED** that the plaintiff shall file his memorandum in opposition to the Defendant's Motion for Summary Judgment and his cross-motion, if any, by **July 5, 2021**.

**SO ORDERED** this 24th day of May, 2021.

/s/
REGGIE B. WALTON
United States District Judge