UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NORRIS WILIAMS,<br>          Plaintiff,<br>     v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>          Defendant. | Civ. A. No. 19-0104 (RBW) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

Defendant United States Department of Justice ("DOJ"), and its sub-component Drug Enforcement Administration ("DEA," and collectively "Defendant"), by and through undersigned counsel, respond to Plaintiff Norris Williams' Motion to Compel the Government to Execute this Court's Order and Provide All Filings Between May and August 2021.  Because of Plaintiff's status as an incarcerated person, undersigned counsel is unable to meet and confer with Mr. Williams.

On January 8, 2020, this Court issued a Memorandum Opinion and Order granting in part and denying in part Defendant's motion for summary judgment.  Specifically, the Court ruled that DEA's search was reasonable under the circumstances of the case; that the responsive records were compiled for law enforcement purposes and thereafter bring all the requested records within the scope of Exemption 7; that Defendant's application of Exemption 7(A) was proper, but potentially expired, requiring evaluation of Defendant's overlapping assertions of Exemptions 7(C)-(E).  The Court, however, found that none of those additional exemptions was adequately supported.  Nor was the non-segregability of the records established as the Declaration failed to address segregability.   Defendant was ordered to submit a renewed summary judgment by February 21, 2020 or release the remaining records.

Before the expiration of that deadline, Defendant filed a motion to extend time to file a status report.  Defendant indicated that 37 additional pages had been reprocessed and 8 withheld.

It also indicated that there may have been additional pages from files from the DEA's Miami Office. Eventually, undersigned counsel entered his appearance. After a dismissal – and subsequent reinstatement – of his complaint, the parties turned back to the briefing of summary judgment, which commenced on May 23, 2021.

One December 6, 2021, the Court issued its second order granting in part and denying in part Defendant's motion for summary judgment. The Court found the DEA's search reasonable and that the threshold standard for Exemption 7 – that that the records were compiled for law enforcement purposes – met. Having previously found all but the 7(C) withholdings of referenced third parties' names and identifying information proper, the Court found the remaining Exemption 7(C) withholdings proper on more detailed averments. The Court also found Defendant's Exemption 7(D) withholdings relative to confidential sources all properly supported. As for the remaining Exemptions, the Court DEA's renewed support only partly sufficient. For instance, the Court found the Exemption 7(E) bases for the numerical bulk of the records – namely G-DEP and NADDIS codes – sufficiently warranted, but the remaining information not adequately supported. Similarly, some, but not all, of the Exemption 7(F) withholdings were found sufficiently support by the declaration – namely, "[t]he names of DEA Special Agents, other law enforcement personnel, and names of individuals involved in criminal investigations, as well as any withholdings already upheld in full under Exemption 6 or 7(C). However, more information would be needed to justify the withholding of a category of information designated as "Identifying Information of Internal Indexing/Numbering Systems: Group No."

Defendant has sought an extension until May 19, 2022 to prepare is final summary judgment motion on account of several factors already set forth in Defendant's motion. Defendant intends to take the time necessary to ensure that sufficient care is exerted to make the next motion Defendant's last one. Because DEA intends to justify withholding the remaining information or documents, it is not prepared at this time to released that which it deems sensitive and protected by FOIA exemptions.

In the meantime, enclosed along with the service copy of this response are the three docket entries that span the requested time period. The documents are (1) Defendant's May 23, 2021 motion to summary judgment; (2) the Court's May 24, 2021, order advising Plaintiff to be vigilant about responding to Defendant's motion within 14 days; and (3) Plaintiff's own July 7, 2021 Opposition to Summary Judgment. Although the filing of Plaintiff's Opposition would tend to reveal his receipt of both the motion and order that prompted the filing (in addition to a filing he, himself, generated and therefore should possess), Defendant nonetheless provides all three in an abundance of caution.

Date: April 5, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

/s/ *John Moustakas*
John Moustakas, D.C. Bar #442076
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2518
john.moustakas@usdoj.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that service of the foregoing Motion has been made by first-class mail on April 5, 2022, to:

NORRIS WILLIAMS
R33221-018
FCI COLEMAN MEDIUM
P.O. Box 1032
Coleman, FL 33521-1032

*Pro se* Plaintiff

/s/ *John Moustakas*
John Moustakas
Assistant United States